On Application For Rehearing
Theodore Glover appealed his conviction for second degree rape, based upon a plea of guilty entered pursuant to a plea bargain agreement.
The grand jury indicted Glover for first degree rape, charging that he, being 16 years old or older, had engaged in sexual intercourse with a female who was less than 12 years old, Ala. Code 1975, § 13A-6-61(a)(3). However, the parties filed a joint motion to amend the indictment to charge second degree rape on the ground that, at the time of the offense, the victim was over the age of 12, but under the age of 16. This motion was granted, and Glover pleaded guilty to second degree rape, more particularly to having engaged in sexual intercourse with the victim when she was less than 16 and more than 12 years old and he was 16 years old or older and at least 2 years older than the victim, § 13A-6-62(a)(1).
In the guilty plea proceeding, when the prosecution was asked to state what it would expect the evidence to show, the prosecutor stated the following:
 "The Defendant here had started fondling his stepdaughter at age 6 and at age 14 he actually had sex with her. This has been going on for a period of time. We expect to have shown, introduced a blood test proving he is the father of the stepbaby, and this happened in Dallas County."
The court then asked Glover, "Is this what happened?" Glover acknowledged that it was. In the sentencing hearing, the victim testified that Glover attempted to have sexual intercourse with her when she was "around 14 or 15"; that he had sexual intercourse with her when she was "[a]round 15 or 16"; and that, as a result of the intercourse with her stepfather, she became pregnant when she was 17 years old. In addition, defense counsel stated: "[Glover] admitted in court and still admits to the Court that he had intercourse with this young lady when she was 17 years of age that resulted in the birth of the child. I think that's reflected by the reduction from rape first to rape second degree."
The attorney general has filed a motion to remand this cause for a hearing to determine whether, under the facts of this case, rape in the second degree under § 13A-6-62(a)(1) is a lesser included offense of rape in the first degree under §13A-6-61(a)(3). He requests that, in the event the trial court finds that the second degree charge is not a lesser included offense of the first degree charge, Glover be allowed to withdraw his guilty plea and that proceedings against Glover be re-initiated under the charge of attempted first degree rape (per a "re-amended" indictment) or under a new indictment.
We conclude that this cause should not be remanded, but that the judgment should be reversed. In Ross v. State,529 So.2d 1074 (Ala.Cr.App. 1988), this court held that an indictment for first degree rape under the alternative of § 13A-6-61(a)(3) did not encompass the second degree rape alternative of §13A-6-62(a)(1). In reaching this conclusion, *Page 218 
we relied upon the following language from Allen v. State,472 So.2d 1122, 1125-26 (Ala.Cr.App. 1985) (emphasis added):
 "In the context of the offense for which the appellant was indicted, rape in the first degree requires proof that the victim is less than 12 years old while rape in the second degree requires proof that the victim is less than 16, but more than 12 years old. Therefore, rape in the second degree is not a lesser included offense of rape in the first degree, since the proof necessary to establish the offense of rape in the first degree (the greater offense) does not of necessity establish every element of the offense of rape in the second degree (the lesser offense). See Commentary to § 13A-1-9, Code of Alabama 1975. It must be impossible to commit the greater offense without first committing the lesser offense if the lesser offense is to be an included offense of the greater. Sharpe v. State, 340 So.2d 885
(Ala.Cr.App.), cert. denied, 340 So.2d 889 (Ala. 1976).
 "The age factor necessarily distinguishes these two offenses and makes them separate and distinct crimes. The offenses of first and second degree rape each require proof of a certain age of the victim that the other does not require. Because of this difference, you cannot commit second degree rape while committing first degree rape."
529 So.2d at 1075 (emphasis added; footnote omitted). See alsoEx parte Washington, 571 So.2d 1062, 1063-64 (Ala. 1990). Based on this authority, we see no need to remand this case for the trial court to determine whether, under the facts of this case, § 13A-6-62(a)(1) is a lesser included offense of §13A-6-61(a)(3). As Allen points out, these two offenses are mutually exclusive.
The offense to which Glover pleaded guilty was not encompassed within the indictment, and the indictment could not have been amended to charge the offense to which he plead guilty. See Ross, 529 So.2d at 1076-77 (an indictment may not be amended to charge a new offense not included in the original charge or to change the offense); A.R.Cr.P. 13.5(a) (same). Thus the trial court was without authority to accept Glover's plea of guilty. See Ford v. State, 612 So.2d 1317, 1320-23
(Ala.Cr.App. 1992); Ross. In other words, Glover was convicted of an offense for which he had not been indicted; this omission was an omission of an essential requisite of jurisdiction and was not waived by Glover's plea of guilty; and thus the trial court's judgment is void. See Ford; Ross.
Accordingly, we grant the state's application for rehearing, withdraw the memorandum issued on original submission and the one issued on Glover's application for rehearing, and we reverse the judgment of conviction.
APPLICATION FOR REHEARING GRANTED; A.R.App.P. 39(k) MOTION DENIED; ORIGINAL MEMORANDUMS WITHDRAWN; REVERSED.
All Judges concur. *Page 857