The appellant, Billy Joe Edwards, appeals from the circuit court's denial of his Rule 32, Ala.R.Crim.P., petition for post-conviction relief, in which he attacked his 1989 guilty plea conviction for assault in the first degree and his resulting sentence of 20 years' imprisonment.
The appellant was indicted for murder on January 25, 1989. On December 4, 1989, pursuant to a plea agreement with the state, the appellant pleaded guilty to assault in the first degree. Thereafter, he was sentenced, as a habitual offender, to 20 years in prison. At the time the appellant's guilty plea was taken, the trial court stated that the offense of assault in the first degree to which the appellant was pleading guilty was a lesser included offense of the murder charge in the indictment. The appellant acknowledged that he understood what the court had said.
The appellant claims (1) that the trial court was without jurisdiction to accept his guilty plea and that, therefore, his conviction is void; (2) that his sentence is illegal because his conviction is void; and (3) that he received *Page 130 
ineffective assistance of counsel in connection with his guilty plea. The primary contention underlying all of the appellant's claims is that the trial court was without jurisdiction to accept his guilty plea to the offense of assault in the first degree because, he says, that offense was not a lesser offense to murder, the offense charged in the indictment.
It is well settled that a trial court is without authority to accept a plea of guilty to an offense not encompassed by the charge in the indictment. Glover v. State, 649 So.2d 216
(Ala.Cr.App. 1994); Ford v. State, 612 So.2d 1317
(Ala.Cr.App. 1992); Ross v. State, 529 So.2d 1074
(Ala.Cr.App. 1988). See Rule 13.5(a), Ala.R.Crim.P. When the trial court accepts a guilty plea under such circumstances, the court's judgment is void, because the defendant is convicted of an offense for which the defendant has not been indicted and an essential requisite of jurisdiction is therefore missing.Glover, 649 So.2d at 218.
The state argues that the trial court did have jurisdiction to accept the appellant's guilty plea because, under the facts of this case, assault in the first degree was a lesser included offense of murder; that none of the appellant's claims for relief implicate the trial court's jurisdiction; and that, therefore, the two-year limitations period of Rule 32.2(c), Ala.R.Crim.P., operates to foreclose the appellant's claims. We agree.
Section 13A-1-9(a)(4), Ala. Code 1975, provides:
 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
". . . .
 "(4) It differs from the offense charged only in the respects that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission."
The commentary to § 13A-1-9 specifically states that subsection (a)(4) covers situations where "the offense proved differs from the offense charged only in that less serious injury or risk is necessary to establish its commission, e.g., assault in the first or second degree . . . under an indictment chargingmurder." (Emphasis added.)
Under particular circumstances, then, assault in the first degree may be a lesser included offense of murder. "The rule is that, under an indictment charging first degree murder, a charge that assault and assault and battery are included in the indictment should be given if the evidence affords a hypothesis for such instructions." Butler v. State, 373 So.2d 347, 349
(Ala.Cr.App. 1979). See Weldon v. State, 50 Ala. App. 477,280 So.2d 183 (Ala.Cr.App.), cert. denied, 291 Ala. 801,280 So.2d 186 (Ala. 1973); Ray v. State, 52 Ala. App. 18, 288 So.2d 801
(Ala.Cr.App. 1974); Ivery v. State, 48 Ala. App. 257,263 So.2d 712 (Ala.Cr.App. 1972).
The record shows that, in establishing the factual basis for his plea of guilty to assault in the first degree, the appellant admitted shooting Hollis Bryant, Jr., with a .25 caliber pistol during a confrontation on August 18, 1988. By stipulation between the state and the appellant, which was recited by the appellant's counsel in open court, it was further established that the bullet struck Bryant in his shoulder. Bryant was transported to Decatur General Hospital for treatment. The bullet damaged an artery in Bryant's shoulder area; however, because of the placement of the bullet in Bryant's body, physicians did not remove it from his shoulder. On September 24, 1988, approximately one month after being released from Decatur General Hospital, Bryant entered University of Alabama in Birmingham Hospital for surgery to repair the damaged artery in his shoulder. The operating surgeon successfully repaired the artery. However, during the follow-up portion of the surgery, another surgeon improperly inserted a blood-drainage tube in Bryant's chest and punctured Bryant's spleen. Bryant went into shock from blood loss and later died. Subsequent statements from the on-duty surgeons indicated that Bryant would not have died had the drainage tube not been improperly inserted.
In this case, there was reasonable evidence from which a jury could have concluded that the appellant caused a serious physical injury *Page 131 
to Bryant but that he did not cause Bryant's death. The bullet fired by the appellant caused arterial damage to Bryant's shoulder, for which Bryant was required to submit to surgery.See §§ 13A-1-2(9) and 13A-6-20(a)(1), Ala. Code 1975. However, there were facts indicating that something else was the cause of Bryant's death.
In view of the evidence, had the appellant been tried on the charge of murder for which he was indicted, he would have been entitled to a jury charge on assault in the first degree as a lesser included offense of murder based on the rationale that the evidence suggested that the appellant had not, in fact, caused the victim's death. See Parker v. State, 587 So.2d 1072,1083 (Ala.Cr.App. 1991) (trial court instructed jury on the charged offense of capital murder and on lesser included offense of assault in the first degree where appellant's defense was that he participated in an assault on victim but that he left her alive and that she was stabbed to death by someone else after assault occurred). Compare, Dill v. State,600 So.2d 343 (Ala.Cr.App. 1991), aff'd, 600 So.2d 372
(Ala. 1992), cert. denied, 507 U.S. 924, 113 S.Ct. 1293,122 L.Ed.2d 684 (1993) (finding that trial court properly refused capital murder defendant's requested jury charge on the lesser included offense of assault in the first degree where victim did not die until some nine months after being shot, because there was no evidence presented from which jury could have reasonably inferred that, although defendant shot victim, something else in fact had caused his death).
Because under the circumstances assault in the first degree was encompassed in the murder indictment as a lesser included offense, the trial court had jurisdiction to accept the appellant's plea of guilty to assault in the first degree and to sentence him accordingly. The appellant's conviction is not void, and his sentence is legal. Because the appellant's attack on his conviction and sentence does not implicate the trial court's jurisdiction, all of his claims, including his claim that he received ineffective assistance of counsel in connection with his guilty plea, are barred by the two-year limitations period of Rule 32.2(c), Ala.R.Crim.P.
The judgment of circuit court denying the appellant's petition is affirmed.
AFFIRMED.
All Judges concur.