The appellant, Robert Howard, Jr., pleaded guilty to and was convicted of robbery in the second degree. He was sentenced to 15 years in prison. On appeal, he argues that his robbery prosecution violated principles of double jeopardy and that it was barred by his prior guilty plea conviction for receiving stolen property in the first degree.
The pertinent facts are as follows: On or about September 21, 1992, the appellant allegedly robbed at gunpoint a salesperson for Norwood Hodges Motor Company of Anniston, taking, in the course of the robbery, an automobile owned by Norwood Hodges. Approximately five days later, the appellant was arrested in Birmingham, in possession of the same automobile. On February 5, 1993, the appellant was indicted by a Jefferson County grand jury for the offense of receiving stolen property in the first degree, the property being the same automobile he had allegedly taken in the armed robbery in Calhoun County. Shortly thereafter, the appellant entered a guilty plea in the Jefferson Circuit Court and was convicted of receiving stolen property in the first degree. There is no indication in the record that prosecutors in Jefferson County were aware of the possibility that a robbery charge regarding the stolen automobile might subsequently be lodged against the appellant by Calhoun County authorities.
On June 17, 1994, a Calhoun County grand jury indicted the appellant for the offense of robbery in the first degree, the robbery being the taking by gunpoint of the automobile belonging to Norwood Hodges Motor Company. The appellant subsequently pleaded not guilty and moved to have the Calhoun Circuit Court dismiss the indictment on the ground that the protection against double jeopardy prevented his prosecution for robbery after his prior guilty plea conviction for the offense of receiving stolen property and involving the same automobile taken during the robbery. The trial court denied the appellant's motion. On August 10, 1995, pursuant to a plea agreement, the appellant pleaded guilty to the offense of robbery in the second degree; he reserved his right to appeal on the double jeopardy issue.
 I
Although the issue was not raised below or on appeal, we must note that the trial court did not have jurisdiction to accept the appellant's guilty plea to the offense of robbery in the second degree. The appellant was indicted for robbery in the first degree, and, pursuant to a plea agreement, he entered a guilty plea to robbery in the second degree. Robbery in the second degree is not a lesser included offense of robbery in the first degree, unless the defendant is aided in the commission of the robbery by another person actually present and a participant in the robbery is armed with a deadly weapon or dangerous instrument or causes physical injury to another.James v. State, 549 So.2d 562, 564 (Ala.Cr.App. 1989); Lidge v.State, 419 So.2d 610, 613 (Ala.Cr.App.), cert. denied,419 So.2d 616 (Ala. 1982).[1] There is *Page 459 
absolutely no indication in the record that the appellant was aided by another party in committing the robbery. It was not alleged in the robbery indictment nor was it remotely suggested, when the factual basis for the appellant's guilty plea to robbery in the second degree was established, that the appellant was aided in the crime. Because it is apparent from the record that the only parties alleged to be present at the robbery were the appellant and the victim, robbery in the second degree could not have been a lesser included offense of the robbery in the first degree charged in the indictment.
A trial court does not have authority to accept a guilty plea to an offense not encompassed by the indictment. Edwards v.State, 671 So.2d 129 (Ala.Cr.App. 1995); Glover v. State,649 So.2d 216 (Ala.Cr.App. 1994); Ford v. State, 612 So.2d 1317
(Ala.Cr.App. 1992); Ross v. State, 529 So.2d 1074
(Ala.Cr.App. 1988). See Rule 13.5(a), Ala.R.Crim.P. "When the trial court accepts a guilty plea under such circumstances, the court's judgment is void, because the defendant is convicted of an offense for which the defendant has not been indicted and an essential requisite of jurisdiction is therefore missing."Edwards, 671 So.2d at 130. The trial court did not have jurisdiction to accept the appellant's plea of guilty to robbery in the second degree. See James, supra; Lidge, supra. Therefore, trial court's judgment of conviction is void and is due to be set aside.
 II
Because there is a possibility that the issue could arise again, we will speak to the appellant's claim that his robbery prosecution violates principles of double jeopardy and is barred by his prior guilty plea conviction for receiving stolen property in the first degree, where the stolen property at issue in each charged offense is the same automobile. InBlockburger v. United States, 284 U.S. 299, 52 S.Ct. 180,76 L.Ed. 306 (1932), the United States Supreme Court stated that, for purposes of barring successive prosecutions, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." Id. at 304, 52 S.Ct. at 182. Under Blockburger, if each offense requires proof of some additional element that the other does not, then the offenses are separate and do not implicate double jeopardy principles. Powell v. State,631 So.2d 289 (Ala.Cr.App. 1993). The offenses of robbery in the first degree and receiving stolen property in the first degree each contain an element that is not an element of the other.[2]
For instance, force or the threat of force and the use of a deadly weapon are elements of first-degree robbery but are not elements of receiving stolen property, while the knowing possession of stolen property is an element of receiving stolen property but not of robbery. Receiving stolen property is not a lesser included offense of robbery. Mayes v. State,350 So.2d 339 (Ala.Cr.App. 1977). Therefore, a subsequent robbery prosecution would survive double jeopardy scrutiny under theBlockburger test.
While the appellant appears to frame his double jeopardy claim mostly in terms of the protection against successive prosecutions for the same offense after a conviction, seeNorth Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072,2076, 23 L.Ed.2d 656 (1969), implicit in his argument, below and in this court, is a claim that his robbery prosecution is collaterally estopped by his conviction for receiving stolen property because that conviction was an implicit, but conclusive, determination that the appellant was not guilty of robbery. See Pearce, 395 U.S. at 717, 89 S.Ct. at 2076-77
(double jeopardy protection is bar also against second prosecution for an offense after acquittal). "[T]he Double Jeopardy Clause incorporates the doctrine of collateral estoppel, which may bar a retrial even if the crimes are not the same." Morris v. State, *Page 460 465 So.2d 1173, 1176 (Ala.Cr.App. 1984), rev'd on other grounds,465 So.2d 1180 (Ala. 1985) (citing Ashe v. Swenson, 397 U.S. 436,90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)). Both below and in this court, the appellant cites well-settled Alabama law that a defendant cannot be convicted of buying and receiving stolen property where he is guilty of stealing the property in question. Ogle v. State, 386 So.2d 493 (Ala.Cr.App. 1980); Exparte Thomas, 445 So.2d 939 (Ala. 1983); Nicholson v. State,369 So.2d 304 (Ala.Cr.App. 1979); Wasp v. State, 647 So.2d 81, 83
(Ala.Cr.App. 1994); Dixon v. State, 536 So.2d 959, 961
(Ala.Cr.App. 1988). In this vein, the appellant seems to argue that his guilty plea conviction for receiving stolen property (i.e., the automobile) operated as a conclusive legal determination that he could not have taken that same property in a robbery.
We are not persuaded by the appellant's argument. The fact that the appellant's conviction for receiving stolen property was pursuant to a guilty plea places him in a very different posture than if the conviction were pursuant to a jury verdict. The guilty plea does not carry with it the implications of an "implied acquittal" of robbery that would result from a guilty verdict by a jury charged to consider whether the evidence showed that the appellant came to possess the stolen automobile through his act of robbing the victim or only after some other party had stolen the automobile from the victim. See Ohio v.Johnson, 467 U.S. 493, 501-02, 104 S.Ct. 2536, 2542,81 L.Ed.2d 425 (1984) (acceptance of guilty plea to lesser included offense while charges on greater offense remain pending does not operate as an "implied acquittal" of greater offense, which would be result of jury verdict of guilt of the lesser offense where a jury was charged to consider both lesser and greater offenses). Nor was the appellant exposed to conviction on the robbery charge at the time he pleaded guilty to receiving stolen property, nor had the state marshalled its evidence to present a case on the charge of robbery at the time the first guilty plea was entered. See Johnson, 467 U.S. at 501-02,104 S.Ct. at 2541-43.
Furthermore, the appellant has failed to demonstrate precisely what issues were litigated, and were thus foreclosed from further litigation, as a result of his guilty plea to receiving stolen property. See Morris, supra, 465 So.2d at 1176; Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189,25 L.Ed.2d 469 (1970). The record of the prior guilty plea proceedings is not included with the record of the present appeal, and there is no stipulation of the relevant facts in the record. The appellant should not be allowed to foreclose the robbery prosecution simply by pointing to his speedy plea of guilty to receiving stolen property. Finally, there is no evidence that the state sought to vex the appellant with multiple prosecutions or that it acted improperly by deliberately dividing the appellant's acts into separate crimes where it had the opportunity to resolve all charges against the appellant in a single proceeding. See Johnson, 467 U.S. at 501-02,104 S.Ct. at 2541-43.
For the above-stated reasons, we hold that the protection against double jeopardy does not prevent the state from continuing its prosecution of the appellant on the charge of robbery.
For the reasons stated in Part I of this opinion, the judgment is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.
[1] Section 13A-8-41, Ala. Code 1975, provides, in pertinent part:
 "(a) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he:
 "(1) Is armed with a deadly weapon or dangerous instrument; or
"(2) Causes serious physical injury to another.
 "(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there armed, is prima facie evidence under subsection (a) of this section that he was so armed."
Section 13A-8-43, Ala. Code 1975, provides, in pertinent part:
 "(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
 "(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
 "(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property."
Section 13A-8-42, Ala. Code 1975, provides in pertinent part:
 "(a) A person commits the crime of robbery in the second degree if he violates Section 13A-8-43 and he is aided by another person actually present."
[2] A person commits the crime of receiving stolen property in the first degree if he "intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen" and the value of the stolen property exceeds $1,000. §§ 13A-8-16 and -17, Ala. Code 1975.