710 So.2d 460 (1997)
Ex parte Robert HOWARD, Jr.
(In re Robert Howard, Jr. v. State of Alabama).
1960372.
Supreme Court of Alabama.
October 31, 1997.
*461 Raymond C. Bryan, Anniston, for petitioner.
Bill Pryor, atty. gen., and Cecil G. Brendle, Jr., asst. atty. gen., for respondent.
HOUSTON, Justice.
Robert Howard, Jr., pleaded guilty to, and was convicted of, robbery in the second degree. The trial court sentenced him to 15 years in prison. The Court of Criminal Appeals reversed and remanded, holding that the trial court lacked jurisdiction to accept Howard's guilty plea as to the offense of robbery in the second degree when the State had indicted him on charges of robbery in the first degree. Howard v. State, 710 So.2d 456 (Ala.Crim.App.1996). We granted Howard's petition for certiorari review.
The issue presented on this certiorari review, however, is whether the defendant's prior conviction for receiving stolen property *462 in the first degree, based upon a guilty plea, precludes his prosecution for robbery concerning the same stolen property. Based upon his guilty plea as to the former offense, Howard asserts that the corollary doctrines of double jeopardy and collateral estoppel bar prosecution for the latter.
The Court of Criminal Appeals stated the facts as follows:
"On or about September 21, 1992, [Howard] allegedly robbed at gunpoint a salesperson for Norwood Hodges Motor Company of Anniston, taking, in the course of the robbery, an automobile owned by Norwood Hodges. Approximately five days later, [Howard] was arrested in Birmingham, in possession of the same automobile. On February 5, 1993, [he] was indicted by a Jefferson County grand jury for the offense of receiving stolen property in the first degree, the property being the same automobile he had allegedly taken in the armed robbery in Calhoun County. Shortly thereafter, [he] entered a guilty plea in the Jefferson Circuit Court and was convicted of receiving stolen property in the first degree. There is no indication in the record that prosecutors in Jefferson County were aware of the possibility that a robbery charge regarding the stolen automobile might subsequently be lodged against [Howard] by Calhoun County authorities.
"On June 17, 1994, a Calhoun County grand jury indicted [Howard] for the offense of robbery in the first degree, the robbery being the taking by gunpoint of the automobile belonging to Norwood Hodges Motor Company. [Howard] subsequently pleaded not guilty and moved to have the Calhoun Circuit Court dismiss the indictment on the ground that the protection against double jeopardy prevented his prosecution for robbery after his prior guilty plea for the offense of receiving stolen property and involving the same automobile taken during the robbery. The trial court denied the ... motion. On August 10, 1995, pursuant to a plea agreement, [Howard] pleaded guilty to the offense of robbery in the second degree; he reserved his right to appeal on the double jeopardy issue."
710 So.2d at 458.
The Fifth Amendment to the United States Constitution and § 9 of the Alabama Constitution provide protection against being prosecuted twice for the same offense. "The double jeopardy provisions confer three separate guarantees: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense." Ex parte Wright, 477 So.2d 492, 493 (Ala.1985); see Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977); North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).
Howard asserts that to allow the prosecution for robbery, based on a taking of the same property that was involved in the "receiving" charge to which he had pleaded guilty and for which he had been punished, would violate his constitutional right not to be placed in jeopardy twice. In the alternative, Howard argues that the doctrine of collateral estoppel prevents a second prosecution on an ultimate issue of fact previously determined.
The United States Supreme Court in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), set forth the test for determining whether two charges constitute the "same offense" for double jeopardy purposes. Blockburger established the "same elements" test, which is as follows: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182. In other words, if each offense contains an element not contained in the other, the two offenses are not the same and the double jeopardy rule does not bar any additional prosecution or punishment. United States v. Dixon, 509 U.S. 688, 696, 113 S.Ct. 2849, 2855-56, 125 L.Ed.2d 556 (1993).
*463 A person is guilty of receiving stolen property, under Ala.Code 1975, § 13A-8-16, if that person "intentionally receives, retains or disposes of stolen property knowing that it has been stolen" and does so with the intent to permanently deprive the true owner of possession of that property. See Sledge v. State, 40 Ala.App. 671, 673, 122 So.2d 165 (1960). A person commits robbery if in the course of committing a theft that person "(1) [u]ses force ... or (2)[t]hreatens the imminent use of force," with the intent to compel the owner to relinquish possession of the property. Ala.Code 1975, § 13A-8-43(a); see Williams v. State, 546 So.2d 705 (Ala. Crim.App.1989). Robbery in the first degree adds an additional elementusing a deadly weapon or causing serious physical injury. § 13A-8-41.
It is clear that the crime of robbery and the crime of receiving stolen property each requires proof of elements that the other does not. Indeed, the two offenses are mutually exclusivethe former requires theft and the latter requires receipt. Thus, the double jeopardy prohibitions do not apply here.
Therefore, we must turn to the issue of collateral estoppel. The doctrine of collateral estoppel also "emanates from both the double jeopardy clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution." S.W. v. State, 703 So.2d 427 (Ala.Crim.App.1997); see Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); United States v. Sanchez, 992 F.2d 1143, 1154 (11th Cir.1993), on reconsideration, 3 F.3d 366, cert. denied, 510 U.S. 1110, 114 S.Ct. 1051, 127 L.Ed.2d 373 (1994). In Ashe v. Swenson, the Supreme Court expounded this modified doctrine, stating:
"`Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."
397 U.S. at 443, 90 S.Ct. at 1194. Simply put, it is "a branch of the broader principle of res judicata, [which bars the] relitigation, between the same parties, of an ultimate issue of fact." Daniels v. State, 534 So.2d 628, 638 (Ala.Crim.App.1985), aff'd, 534 So.2d 656 (Ala.1986), cert. denied, 479 U.S. 1040, 107 S.Ct. 898, 93 L.Ed.2d 850 (1987). Indeed, "[w]here successive prosecutions are at stake, the guarantee serves `a constitutional policy of finality for the defendant's benefit.' "Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977) (quoting United States v. Jorn, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971)).
In Ashe, several persons had robbed six men who were in a poker game. At a trial based on the robbery of one of the poker players, the jury found that the defendant was not one of the persons who had committed the robbery. The Supreme Court held that the doctrine of collateral estoppel precluded a later trial of that defendant. The Court stated that "[t]he single rationally conceivable issue in dispute before the jury [in the first trial] was whether [that defendant] had been one of the robbers. And the jury by its verdict found that he had not. The federal rule of law, therefore, would make a second prosecution for the robbery of [a second poker player] wholly impermissible." Ashe v. Swenson, 397 U.S. at 445, 90 S.Ct. at 1195.
Alabama has a firmly established rule of law recognizing that a person cannot be convicted of buying and receiving stolen property if that person actually stole the property in question. Ex parte Thomas, 445 So.2d 939 (Ala.1983); Scott v. State, 374 So.2d 316 (Ala.1979); Wasp v. State, 647 So.2d 81, 83 (Ala.Crim.App.1994); Dixon v. State, 536 So.2d 959, 961 (Ala.Crim.App. 1988); Ogle v. State, 386 So.2d 493 (Ala.Crim. App.1980); Nicholson v. State, 369 So.2d 304 (Ala.Crim.App.1979). Where it is undisputed that a person stole property, that person may not be convicted of receiving or concealing the same property. See Poole v. State, 651 So.2d 1081, 1083-84 (Ala.Crim.App.1994); George v. State, 410 So.2d 476 (Ala.Crim.App. 1982); Ex parte Wilcox, 401 So.2d 794, 795 (Ala.1981). Thus, if it is established, as a matter of factual adjudication, that a person is guilty of receiving stolen property, then it *464 is a "logical impossibility" that the defendant also stole the property in question. See Ogle v. State, supra, at 494.
When determining whether the doctrine of collateral estoppel applies, a court must consider two questions: (1) whether an ultimate issue of fact has already been determined by a court of competent jurisdiction; and (2) whether that prior determination effectively precludes a later prosecution. See generally Ex parte Wright, supra; State v. Patton, 669 So.2d 1002 (Ala.Crim.App.1993) (addressing the analogous proposition of whether jeopardy has attached and whether the two offenses are the same for jeopardy purposes).
The Court of Criminal Appeals stated that Howard's conviction of receiving stolen property, based upon a plea of guilty, "places him in a very different posture than if the conviction were pursuant to a jury verdict." Howard v. State, 710 So.2d at 460 (citing Ohio v. Johnson, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984)); cf. Jeffers v. United States, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) (holding that a defendant may not raise a double jeopardy claim based on successive prosecutions when the defendant has insisted on separate trials). The Court of Criminal Appeals also stated:
"The guilty plea does not carry with it the implications of an `implied acquittal' of robbery that would result from a guilty verdict by a jury charged to consider whether the evidence showed that the [defendant] came to possess the stolen automobile through his act of robbing the victim or only after some other party had stolen the automobile from the victim."
Howard v. State, 710 So.2d at 460. Therefore, the question now is whether a guilty plea is equivalent to a jury verdict for purposes of collateral estoppel.
In Ohio v. Johnson, supra, the Supreme Court held that the double jeopardy bar did not prohibit the State from continuing its prosecution for greater offenses after a defendant's plea of guilty to lesser offenses included in the same indictment. More specifically, the trial court's acceptance of guilty pleas to involuntary manslaughter and grand theft, over the State's objection, did not prohibit the State from continuing its prosecution on the charges of murder and aggravated robbery. 467 U.S. at 502, 104 S.Ct. at 2542-43.
Howard argues that the principles of collateral estoppel enunciated in Ashe v. Swenson apply to bar his prosecution for the charge of robbery. Indeed, the Supreme Court, in Ohio v. Johnson, makes this very distinction between a conviction based on a guilty plea and a conviction based on a jury verdict. In a footnote, the Court stated:
"Even if the two were mutually exclusive crimes, ... the taking of a guilty plea is not the same as an adjudication on the merits after full trial, such as took place in Ashe v. Swenson. Moreover, in a case such as this, where the State has made no effort to prosecute the charges [separately], the considerations of double jeopardy protection implicit in the application of collateral estoppel are inapplicable."
467 U.S. at 500 n. 9, 104 S.Ct. at 2541 n. 9. Admittedly, it seems that the Supreme Court in Ohio v. Johnson relied on the fact that the indictments were encompassed in a single prosecution so that no "governmental overreaching" could occur. 467 U.S. at 502, 104 S.Ct. at 2542. The Court did not distinguish the defendant's guilty plea as carrying less weight than a jury verdict. Instead, the Court relied on the existence of the remaining charges in the indictment. That is, the prosecution did not attempt surreptitiously to bring additional charges against the defendant so as to infringe upon his rights against double jeopardy. On the contrary, the charges against the defendant in Ohio v. Johnson included four related charges brought under a single indictment, and ultimately a single prosecution. In fact, in another footnote the Court mentions that the principles of collateral estoppel did not even apply to that case. 467 U.S. at 497-98, n. 6, 104 S.Ct. at 2539-40, n. 6.
In United States v. Oppenheimer, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916), the Supreme Court addressed the preclusive effects a judgment has on subsequent prosecutions. Justice Holmes stated:

*465 "Upon the merits the proposition of the Government is that the doctrine of res judicata does not exist for criminal cases except in the modified form of the Fifth Amendment that a person shall not be subject for the same offence to be twice put in jeopardy of life or limb; and the conclusion is drawn that a decision upon a plea in bar cannot prevent a second trial when the defendant never has been in jeopardy in the sense of being before a jury upon the facts of the offence charged. It seems that the mere statement of the position should be its own answer. It cannot be that the safeguards of the person, so often and so rightly mentioned with solemn reverence, are less than those that protect from a liability in debt. It cannot be that a judgment of acquittal on the ground of the statute of limitations is less a protection against a second trial than a judgment upon the ground of innocence, or that such a judgment is any more effective when entered after a verdict than if entered by the Government's consent before a jury is empaneled; or that it is conclusive if entered upon the general issue...."
242 U.S. at 87, 37 S.Ct. at 69 (citations omitted); see also S.W. v. State, supra.
Howard pleaded guilty in Jefferson County, under the initial indictment, to the offense of receiving stolen property, unaware of any potential indictment from Calhoun County for the crime of robbery involving the same automobile. In order for a criminal prosecution to give rise to an estoppel, the court in which the prosecution occurs must have jurisdiction. Cox v. State, 462 So.2d 1047, 1051 (Ala.Crim.App.1985); see also Ex parte Wright, 477 So.2d 492, 493 (Ala.1985) (entry of guilty plea taken by magistrate with proper jurisdiction constituted an adjudication on the merits). The Jefferson Circuit Court had jurisdiction to receive Howard's guilty plea as to the offense of receiving stolen property, and Jefferson County was a proper venue for the prosecution of that offense. Watts v. State, 435 So.2d 135 (Ala. 1983).
Howard entered a plea of guilty to the charge of receiving as stolen property the automobile in question. Because of that guilty plea, Howard asserts that his conviction for robbery should have been barred, in accordance with Russell v. State, 428 So.2d 131 (Ala.1982). Russell states:
"When a guilty plea is accepted and entered by the court, it `is a conviction of the highest order, and is an admission, of record, of the truth of whatever is sufficiently charged in the indictment' ... A guilty plea is an admission of all the elements of the offense charged."
428 So.2d at 134 (citations omitted). A guilty plea is "as conclusive as a verdict of a jury; it admits all material fact averments of the accusation, leaving no issue for the jury." 21 Am.Jur.2d § 490 (1975). In Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711-12, 23 L.Ed.2d 274 (1969), the Supreme Court stated: "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." In other words, "[i]t supplies both evidence and verdict, ending controversy." Woodard v. State, 42 Ala. App. 552, 558, 171 So.2d 462, 469 (1965) (citations omitted).
Under Russell, Howard's guilty plea is not only an admissionit also establishes as fact that he did not obtain the property by theft. That is, while the Court of Criminal Appeals indicates that Howard did, in fact, take the automobile in a robbery, his conviction for receiving the same stolen property has not been set aside. Thus, if in fact Howard did commit robbery, his prior guilty plea would operate to establish inconsistent facts. The doctrine of collateral estoppel bars such a result.
We have not reviewed the Court of Criminal Appeals' holding that the second-degree robbery conviction must be reversed on the basis that "robbery in the second degree could not have been a lesser included offense [as to] robbery in the first degree charged in the indictment," 710 So.2d at 459, and that the Calhoun Circuit Court therefore had no jurisdiction to accept Howard's guilty plea on this robbery charge. Nevertheless, the reversal was proper, because we have concluded that the robbery prosecution was barred *466 by the doctrine of collateral estoppel; the Court of Criminal Appeals erred in holding otherwise. Therefore, we affirm the judgment of the Court of Criminal Appeals reversing the robbery conviction. However, on remand, the Court of Criminal Appeals should modify its judgment so as to bar any further prosecution on the robbery charge.
JUDGMENT OF REVERSAL AFFIRMED, BUT CASE REMANDED WITH INSTRUCTIONS.
HOOPER, C.J., and MADDOX, SHORES, KENNEDY, BUTTS, and SEE, JJ., concur.
ALMON, J., concurs specially.
COOK, J., concurs in the result.
ALMON, Justice (concurring specially).
I agree that Howard's conviction for robbery must be reversed for the reasons stated in the main opinion. That conviction also violates Ala.Code 1975, § 15-3-8,[1] which reads:
"Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."
Howard's conviction for receiving stolen property was a result of his being placed in jeopardy for an offense involving his coming into possession of the automobile. Robbery and receiving stolen property are not the "same offense" under the Blockburger "same elements" test (on the contrary, they are mutually exclusive offenses). Nevertheless, they involve "[an] act or omission declared criminal and punishable in different ways by different provisions of law," namely, the act of obtaining the automobile.
Receiving stolen property is included among the general theft offenses of Chapter 8 of Title 13A. "Theft of property" occurs when a person "[k]nowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property," § 13A-8-2(1). "A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen ...," § 13A-8-16. Because receiving stolen property is included with the "theft" offenses in the Criminal Code, it could be said that the phrase "receives, retains, or disposes of" is included within the general phrase "obtains or exerts unauthorized control over," and that, therefore, an act of receiving stolen property will always, for purposes of § 15-3-8, be the same act of "theft" that could be prosecuted under one of the other theft-crime statutes.
Under § 15-3-8, "a conviction or acquittal under any one [provision] shall bar a prosecution for the same act or omission under any other provision," and, here, "the same act" is Howard's act of obtaining or receiving the car. Although the definition of "theft" uses the phrase "obtains or exerts unauthorized control over [the property in question]," and the definition of "receiving stolen property" uses the phrase "receives, retains or disposes of [the property in question]," the two phrases must be deemed to refer equally to the act of coming into possession of the property. Thus, for purposes of § 15-3-8, Howard's act of coming into possession of the automobile is an "act ... declared criminal and punishable in different ways by different provisions of law."
The plain terms of § 15-3-8 prohibit double punishment or successive prosecutions for "[a]ny act or omission." This Code section provides protections for accused persons over and above those provided by the double jeopardy clauses of Article I, § 9, of the Alabama Constitution of 1901 and Amendment 5 to the United States Constitution, as applied to the States through Amendment 14. Baldwin v. State, 47 Ala.App. 136, 251 So.2d 633 (Ala.Crim.App.1971). As to Howard's convictions, I would hold that § 15-3-8 precluded prosecuting him for "obtaining" the automobile, §§ 13A-8-2(1) and 13A-8-41, after he had been convicted of "receiving" it, *467 § 13A-8-16. However he came into possession of the automobile, he did so by a single act, for which he may not be subjected to successive prosecutions.
NOTES
[1] This statutory provision, in the same language, appeared in the 1923 Code as § 5204 and in the 1940 Code as T. 15, § 287.