Jeffery Allen Marks appeals from the circuit court's summary denial of his Ala.R.Crim.P. 32 petition, attacking his 1997 conviction and sentence of life imprisonment for robbery in the second degree. One of the three grounds he alleges is that the indictment charging him with first-degree robbery was improperly amended to charge second-degree robbery, and, thus, that the trial court was without jurisdiction to accept his guilty plea to second-degree robbery. Marks alleges in his petition that second-degree robbery was not a lesser offense to first-degree robbery because, he asserts, he was not aided by another person in committing the offense.
 "Robbery in the second degree is not a lesser included offense of robbery in the first degree, unless the defendant is aided in the commission of the robbery by another person actually present and a participant in the robbery is armed with a deadly weapon or dangerous instrument or causes physical injury to another. James v. State, 549 So.2d 562, 564 (Ala.Cr.App. 1989); Lidge v. State, 419 So.2d 610, 613
(Ala.Cr.App.), cert. denied, 419 So.2d 616 (Ala. 1982).
". . . .
 "A trial court does not have authority to accept a guilty plea to an offense not encompassed by the indictment. Edwards v. State, 671 So.2d 129 (Ala.Cr.App. 1995); Glover v. State, 649 So.2d 216 (Ala.Cr.App. 1994); Ford v. State, 612 So.2d 1317 (Ala.Cr.App. 1992); Ross v. State, 529 So.2d 1074 (Ala.Cr.App. 1988). See Rule 13.5(a), Ala.R.Crim.P. `When the trial court accepts a guilty plea under such circumstances, the court's judgment is void, because the defendant is convicted of an offense for which the defendant has not been indicted and an essential requisite of jurisdiction is therefore missing.' Edwards, 671 So.2d at 130."
Howard v. State, 710 So.2d 456, 458-59 (Ala.Crim.App. 1996), aff'd and rem'd, 710 So.2d 460 (Ala. 1997) (footnote omitted).
The attorney general has requested that we remand this case for the circuit court to determine whether the indictment was properly amended and to make specific findings on this point. We so order. In the event that the circuit court finds that the offense to which Marks pleaded was not included in the indictment and, thus, that the trial court was without jurisdiction to accept Marks's plea, he must be allowed to withdraw his *Page 1064 
plea. However, if the factual circumstances would support a conviction for another degree of robbery, the State is free to reindict Marks for the appropriate offense. See Wesley v. State, 448 So.2d 468
(Ala.Crim.App. 1984). In the event that the circuit court finds that the trial court had jurisdiction to accept Marks's plea, we instruct the circuit court to make particular findings as to any grounds for preclusion or the merits of Marks's remaining claims in his petition. If the circuit court addresses the remaining claims, its findings must reflect whether the trial court sentenced Marks as an habitual felony offender.
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time within 28 days of the release of this opinion. The return to remand shall include a transcript of any remand proceedings conducted by the trial court and a copy of the trial court's findings of fact.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REMANDED WITH DIRECTIONS.*
Long, P.J., and McMillan, Cobb, Baschab, and Fry, JJ., concur.
* Note from the reporter of decisions: On February 23, 2001, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.