This appeal arises from the Pike Circuit Court's summary denial of the Rule 32, Ala.R.Crim.P., petition filed by the appellant, Anthony Corneil Pless. Pless had pleaded guilty to robbery in the second degree. Pursuant to the plea agreement, the trial court sentenced him to life imprisonment upon application of the Habitual Felony Offender Act ("HFOA"). Pless did not appeal his guilty plea conviction. In his Rule 32 petition, Pless challenged the enhancement of his sentence, arguing that the Florida convictions used for enhancement do not constitute felony offenses under Alabama law. Therefore, he claimed, the sentence exceeded the maximum penalty allowed by law. Pless argues that the trial court erred in denying his petition.
In his brief to this Court, Pless raises two additional issues. Specifically, he argues (1) that the trial court did not have the authority to accept his guilty plea to the offense of robbery in the second degree because second-degree robbery is not a lesser offense included in the offense of robbery in the first degree; and (2) that the State did not adequately prove his prior Florida convictions for the purpose of enhancing his sentence. Although these claims were not preserved for appellate review, this Court notes that the trial court did not have jurisdiction to accept Pless's guilty plea to robbery in the second degree.
 "A trial court does not have authority to accept a guilty plea to an offense not encompassed by the indictment. Edwards v. State, 671 So.2d 129
(Ala.Cr.App. 1995); Glover v. State, 649 So.2d 216
(Ala.Cr.App. 1994); Ford v. State, 612 So.2d 1317
(Ala.Cr.App. 1992); Ross v. State, 529 So.2d 1074
(Ala.Cr.App. 1988). See Rule 13.5(a), Ala.R.Crim.P. `When the trial court accepts a guilty plea under such circumstances, the court's judgment is void, because the defendant is convicted of an offense for *Page 780 
which the defendant has not been indicted and an essential requirement of jurisdiction is therefore missing.' Edwards, 671 So.2d at 130."
Howard v. State, 710 So.2d 456, 459 (Ala.Crim.App. 1996).
"Robbery in the second degree is not a lesser included offense of robbery in the first degree, unless the defendant is aided in the commission of the robbery by another person actually present and a participant in the robbery is armed with a deadly weapon or dangerous instrument or causes physical injury to another." Howard, 710 So.2d at 458. In the present case, the trial court should determine whether the appellant acted alone. If he determines that the appellant did act by himself, then the judgment is void and due to be set aside, as the appellant pleaded guilty to an offense not included in the indictment, and, thus, the trial court was without jurisdiction to accept this plea. The appellant should be permitted to withdraw his plea, and the State is free to reindict the appellant for the proper offense. The trial court is directed to make due return to this court within 28 days of the release of this opinion. The return should include a transcript of any remand proceedings and a copy of the trial court's findings of fact.
This cause is therefore remanded to the trial court for proceedings consistent with this opinion.
REMANDED WITH DIRECTIONS.
Cobb, Baschab, Shaw, and Wise, JJ., concur.