The appellant, Walter Earl Williams, appeals from the trial court's summary denial of his Rule 32, Ala.R.Crim.P., petition, challenging his 1982 conviction and 14-year sentence for second-degree robbery. He argues that the trial court improperly amended the indictment charging him with first-degree robbery to charge second-degree robbery, and, thus, that the trial court was without jurisdiction to accept his guilty plea to second-degree robbery. The appellant contends that second-degree robbery was not a lesser offense included within first-degree robbery because, he claims, that he was not aided by another person in committing the offense.
 "A trial court does not have authority to accept a guilty plea to an offense not encompassed in the indictment. Edwards v. State, 671 So.2d 129
(Ala.Cr.App. 1995); Glover v. State, 649 So.2d 216
(Ala.Cr.App. 1994); Ford v. State, 612 So.2d 1317
(Ala.Cr.App. 1992); Ross v. State, 529 So.2d 1074
(Ala.Cr.App. 1988). See Rule 13.5(a), Ala.R.Crim.P. `When the trial court accepts a guilty plea under such circumstances, the court's judgment is void, because the *Page 1286 
 defendant is convicted of an offense for which the defendant has not been indicted and an essential requirement of jurisdiction is therefore missing.' Edwards, 671 So.2d at 130."
Howard v. State, 710 So.2d 456, 459 (Ala.Crim.App. 1996).
"Robbery in the second degree is not a lesser included offense of robbery in the first degree, unless the defendant is aided in the commission of the robbery by another person actually present and a participant in the robbery is armed with a deadly weapon or dangerous instrument or causes physical injury to another." Howard, 710 So.2d at 458. In the present case, the trial judge should determine whether the appellant acted alone. If he determines that the appellant did act alone, then the judgment is void and due to be set aside, because the appellant pleaded guilty to an offense not included in the indictment, and, thus, the trial court was without jurisdiction to accept the plea. The appellant should be permitted to withdraw his plea, and the State is free to reindict the appellant for the proper offense. The trial court is directed to make due return to this Court within 28 days of the release of this opinion. The return should include a transcript of any remand proceedings and a copy of the trial court's findings of fact.
This cause is therefore remanded to the trial court for proceedings consistent with this opinion.
REMANDED WITH DIRECTIONS.
Cobb, Baschab, Shaw, and Wise, JJ., concur.