WISE, Judge.
The appellant, Michael Henderson, appeals from the circuit court’s summary denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim.P., in which he attacked his 1999 guilty plea for robbery in the second degree. Pursuant to his plea agreement, and upon application of the Habitual Felony Offender Act, the circuit court sentenced Henderson to life imprisonment. Henderson did not appeal his guilty plea.
On June 7, 2001, Henderson filed his second Rule 32 petition, alleging (1) that the indictment charging him with first-degree robbery was improperly amended to charge the lesser included offense of second-degree robbery, and, thus, that the circuit court was without jurisdiction to accept his plea to second-degree robbery and (2) that he received ineffective assistance of trial counsel because his counsel allowed him to plead guilty to second-degree robbery, which was not a lesser offense to the offense of first-degree robbery. Specifically, Henderson claims that second-degree robbery is not a lesser included offense to first-degree robbery in this instance because he was not aided by another person in committing the robbery.
“Robbery in the second degree is not a lesser included offense of robbery in the first degree, unless the defendant is aided in the commission of the robbery by another person actually present and a participant in the robbery is armed with a deadly weapon or dangerous instrument or causes physical injury to another.” Howard v. State, 710 So.2d 456, 459 (Ala.Crim.App.1996). “[A] trial court is without authority to accept a plea of guilty to an offense not encompassed by the charge in the indictment.” Edwards v. State, 671 So.2d 129, 130 (Ala.Crim.App.1995). “When the trial court accepts a guilty plea under such circumstances, the court’s judgment is void, because the defendant is convicted of an offense for which the defendant has not been indicted and an essential requisite of jurisdiction is therefore missing.” Edwards, 671 So.2d at 130.
Based on the foregoing, we must remand this cause to the circuit court so that it can determine whether a second person acted with the appellant in the commission of the offense. If the circuit court determines that the appellant acted alone, then the judgment is void, because the appellant pleaded guilty to an offense not included in the indictment, and, thus, the circuit court was without jurisdiction to accept his plea. See Pless v. State, 805 So.2d 778 (Ala.Crim.App.2001). However, if the factual circumstances would support a conviction for another degree of robbery, the State may reindict Henderson for the proper offense. See Marks v. State, 791 So.2d 1062 (Ala.Crim.App.2000).
The circuit court is directed to take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 28 days from the release of this opinion. The return to remand should include a transcript of any remand proceedings and a copy of the circuit court’s findings of fact.
This cause is therefore remanded to the circuit court for proceedings consistent with this opinion.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.

*240
On Return to Remand

WISE, Judge.
On September 28, 2001, this Court remanded this case for the circuit court to determine whether the trial court had jurisdiction to accept Henderson’s plea of guilty to the offense of robbery in the second degree when the indictment charged Henderson with the offense of robbery in the first degree. Henderson v. State, 821 So.2d 238 (Ala.Crim.App.2001). More specifically, the circuit court was directed to determine whether the indictment included the offense of second-degree robbery, i.e., whether Henderson had been aided in the commission of the robbery by another person actually present and a participant in the robbery armed with a deadly weapon or a dangerous instrument, or had caused physical injury to another.
After a hearing, the circuit court found that Henderson was correct in his assertion that he had not been aided by another person in committing the offense. However, the circuit court did not order that Henderson’s Rule 32, Ala.R.Crim.P., petition be granted, that Henderson be allowed to withdraw his guilty plea, or that the original charge of first-degree robbery be reinstated. See, e.g., Pless v. State, 805 So.2d 778 (Ala.Crim.App.2001); Marks v. State, 791 So.2d 1062 (Ala.Crim.App.2000). Instead, the circuit court entered an order making these findings in its return to remand, filed with this Court on October 26, 2001.
The circuit court found that Henderson was not aided in the commission of the robbery by another person actually present. Accordingly, the circuit court lacked jurisdiction to accept Henderson’s guilty plea to second-degree robbery as a lesser-included offense of the charged offense of first-degree robbery, and the judgment of that court, therefore, is void. See Edwards v. State, 671 So.2d 129, 130 (Ala.Crim.App.1995) (“a trial court is without authority to accept a plea of guilty to an offense not encompassed by the charge in the indictment”).
Based on the foregoing, the judgment of the circuit court in denying Henderson’s Rule 32 petition is reversed and this cause is remanded with instructions that the circuit court allow Henderson to withdraw his guilty plea, and further, that the original charge of first-degree robbery be reinstated.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.