McMILLAN, Presiding Judge.
The appellant, Morris E. Bowman, Jr., appeals from the trial court’s summary denial of this Rule 32, Ala. R.Crim. P., petition, attacking his two 1992 convictions for second-degree robbery and his sentences of life imprisonment. He argues that the trial court improperly amended the indictments charging him with first-degree robbery to charge second-degree robbery, and, thus, that the trial court was without jurisdiction to accept his guilty pleas to second-degree robbery. Bowman contends that second-degree robbery was not a lesser offense included within the offense of first-degree robbery because, he claims, he was not aided in the commission of the offense by another person. He further argues that his sentences of life imprisonment exceed the range of punishment for second-degree robbery because, he claims, he was not sentenced as a habitual offender.
“A trial court does not have the authority to accept a guilty plea to an offense not encompassed by the indictment. Edwards v. State, 671 So.2d 129 (Ala.Cr.App.1995); Glover v. State, 649 So.2d 216 (Ala.Cr.App.1994); Ford v. State, 612 So.2d 1317 (Ala.Cr.App.1992); Ross v. State, 529 So.2d 1074 (Ala.Cr.App.1988). See Rule 13.5(a), Ala. R.Crim.P. When the trial court accepts a guilty plea under such circumstances, the court’s judgment is void, because the defendant is convicted of an offense for which the defendant has not been indicted and an essential requirement of jurisdiction is therefore missing.’ Edwards, 671 So.2d at 130.”
Howard v. State, 710 So.2d 456, 459 (Ala.Crim.App.1996).
“Robbery in the second degree is not a lesser included offense of robbery in the first degree, unless the defendant is aided in the commission of the robbery by another person actually present and a participant in the robbery is armed with a deadly weapon or dangerous instrument or causes physical injury to another.”
Howard, 710 So.2d at 458. In the present case, the trial judge should determine whether Bowman acted alone, conducting an evidentiary hearing if necessary. If he determines that Bowman did act alone, then the convictions are void and due to be set aside, as Bowman pleaded guilty to offenses not charged in the indictments and the trial court was without jurisdiction to accept his guilty pleas. Bowman should be permitted to withdraw his guilty pleas, and the State is free to reindict him for the proper offenses.
If, however, the trial court finds that it did have jurisdiction to accept Bowman’s guilty pleas to second-degree robbery, *1030 then that court should determine whether he was properly sentenced, as a habitual offender, to life imprisonment.
This matter is therefore remanded to the trial court for proceedings consistent with this opinion. Due return shall be made to this Court within 28 days of the date of this opinion. The return should include a transcript of any proceedings held on remand and a copy of the trial court’s findings of fact.
REMANDED WITH DIRECTIONS. 
COBB, SHAW, and WISE, JJ„ concur. BASCHAB, J., concurs in the result.