COBB, Judge.
According to his petition, on December 15, 1981, Reese Morton was convicted of three counts of first-degree theft of property and two counts of third-degree burglary. The trial court sentenced him to “three (3) years [on] each case.” (C. 10.) Apparently, Morton did not appeal his convictions or sentences.
On August 2, 2004, Morton filed this, his second, Rule 32, Ala. R.Crim. P., petition. On September 7, 2004, the State filed a motion to dismiss the petition. On September 10, 2004, the circuit court summarily denied the petition. This appeal followed.
In his petition, Morton claimed that each of the indictments against him failed to charge an offense because they did not include a citation to the relevant statute, as required by Rule 13.2(b), Ala. R.Crim. P.[1] He also claimed that the indictment in CC-81-30, one of the first-degree theft of property cases, was void because the value of the stolen property did not exceed $1,000 in value. On appeal, Morton reiterates his claims.
Initially, we note that, as for Morton’s claim regarding the lack of statute citations in the indictments against him, “[i]t is unnecessary to set out in an indictment the code section or statute under which an accused is charged. Matters of which judicial notice is taken need not be stated in an indictment.” Coker v. State, 396 So.2d 1094, 1096 (Ala.Crim.App.1981). Therefore, a citation to a statute is not a necessary element of a crime and any claim regarding such an omission does not implicate the subject matter jurisdiction of the trial court and is subject to preclusion. This claim was precluded by the limitations period in Rule 32.2(e), Ala. R.Crim. P. Therefore, summary disposition of this claim was appropriate.
However, Morton’s other claim had merit on its face and should not have been summarily denied. Morton claimed specifically that the indictment in case CC-81-30 charged him with stealing property worth only $1,000, a value that did not exceed $1,000, the amount necessary for the offense of first-degree theft of property. Thus, he alleges, he was charged with only second-degree theft of property,[2] although, apparently, he pleaded guilty to first-de *164 gree theft of property. The indictment in question reads as follows:
“[Morton] ... did knowingly obtain or exert unauthorized control over property, to-wit: one IBM electric typewriter ... of the value of $150.00, 1, 240 volt Stihl electric chain saw ... of the value of $300.00, 1, 6 amp battery charger ... of the value of $24.00, 1 red tool box w/assorted tools ... of the value of $250.00, 1 case DA (convoy) lubricant ... of the value of $40.00, 1, 240 volt electric side grinder ... of the value of $160.00, 1 tool box, gray ... of the value of $15.00, 1 large red fire extinguisher ... of the value of $40.00, ½ case [V]al-voline motor oil 30w ... of the value of $15.00, 5 gallons of gas ... of the value of $6.00, of the total value $1,139.00, the property of Koppers Company, Inc., a corporation, with the intent to deprive the owner of said property.”
(C. 18.)
Although the indictment claims to charge Morton with the theft of property totaling $1,139.00, it actually charges him with the theft of property totaling $1,000.00. Although the figure of “$1,139.00” is a typographical and/or mathematical error, we cannot ignore the fact that the enumeration of stolen property and accompanying values add up to only $1,000.00 and, therefore, do not exceed $1,000.00.
At the time Morton committed the theft in question, first-degree theft of property required proof that the value of the property “exceeded] $1,000.00 in value.” § 13A-8-3(a), Ala.Code 1975 (emphasis added). Theft of property valued at $1000.00 will not support a conviction for theft of property in the first degree. Morton’s allegation that the indictment charged him with theft of property valued at only $1,000.00 is uncontested.[3] “ ‘When the State does not respond to a petitioner’s allegations, the unrefuted statement of facts must be taken as true.’ ” Bates v. State, 620 So.2d 745, 746 (Ala.Crim.App.1992) (quoting Smith v. State, 581 So.2d 1283, 1284 (Ala.Crim.App.1991)). This is true even though the trial court summarily denied the petition before the State had an opportunity to respond.
It appears that Morton was, in fact, indicted for second-degree theft of property, rather than for first-degree theft of property, the crime to which he pleaded guilty. If that is indeed the case, the trial court did not have jurisdiction to accept his plea of guilty to theft of property in the first degree.
“ ‘[A] trial court is without authority to accept a plea of guilty to an offense not encompassed by the charge in the indictment.’ Edwards v. State, 671 So.2d 129, 130 (Ala.Crim.App.1995). ‘When the trial court accepts a guilty plea under such circumstances, the court’s judgment is void, because the defendant is convicted of an offense for which the defendant has not been indicted and an essential requisite of jurisdiction is therefore missing.’ Edwards, 671 So.2d at 130.”
Henderson v. State, 821 So.2d 238, 239 (Ala.Crim.App.2001).
Therefore, we must remand this case to the trial court for it to address Morton’s indictment claim because it appears that the trial court did not have jurisdiction to accept Morton’s plea of guilty to theft of property in the first degree. If the circuit court finds that the indictment is void in charging Morton with first-degree theft of property, we authorize the circuit court to set aside Morton’s conviction for first-degree theft. If that is the case, the State is not precluded from reindicting Morton on *165 the appropriate charge. If, however, the circuit court finds that the indictment properly charged first-degree theft of property, the circuit court is to deny Morton’s claim. In any event, the circuit court should make specific findings of fact to be filed with this Court upon return to remand. Due return shall be made within 42 days of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and SHAW and WISE, JJ, concur. BASCHAB, J., concurs in the result.

. As the State points out, Rule 13.2(b), Ala. R.Crim. P., was not in effect at the time Morton was indicted for these crimes.

. Section 13A-8-4, Ala.Code 1975, at the time Morton committed the theft in question, defined second-degree theft as "[t]he theft of property which exceeds two hundred fifty dollars ($250) in value but does not exceed one thousand dollars ($1,000) in value....”

. The circuit court held that this claim was precluded; the State had argued the same.

 Note from the reporter of decisions: On May 20, 2005, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion. On June 3, 2005, that court denied rehearing, without opinion. On December 9, 2005, the Supreme Court denied certiorari review, without opinion (1041336).