Bryant appeals from the trial court's summary denial of his Rule 20, A.R.Cr.P. Temp., petition wherein he contests the validity of his convictions for criminal possession of a forged instrument, second degree burglary, and third degree burglary. According to his petition, Bryant entered pleas to these charges on November 25, 1988, and February 13, 1989. However, the record of the plea proceedings, included in the record under review, shows that the plea to the possession of a forged instrument was entered on September 17, 1987. He alleges that the convictions rest upon involuntary pleas of guilty and that his counsel was ineffective.
Pursuant to the attorney general's request, we remand this cause. As the attorney general points out, Bryant's petition appears to be directed at both the 1987 and the 1989 proceedings. However, a petition filed under Rule 20 should be directed at only one proceeding. See particularly Appendix to Rule 20, which states the following:
 "(3) Only the judgments entered in a single trial may be challenged in a particular petition. If you seek to challenge judgments entered in different trials, either in the same county or in different counties, you must file separate petitions."
The confusion is aggravated by the failure of the trial court's order to clarify the proceedings to which his ruling pertains. Moreover, in Bryant's brief, counsel states that he is "unsure at points which issues [Bryant] is applying to which cases," and he agrees that the case should be remanded.
Accordingly, this cause is remanded to give Bryant an opportunity to file separate Rule 20 petitions. We caution that these petitions should not be considered "successive" within the meaning of Rule 20.
REMANDED.
All Judges concur. *Page 291