PATTERSON, Presiding Judge.
Billy Charles Mosley appeals from the circuit court’s summary dismissal of his A.R.Cr.P. 32 petition, wherein he contested the validity of his 1980 convictions for second degree receiving stolen property (CC-80-618 and CC-80-833) for which he received two-year sentences, and of his conviction for third degree burglary (CC-82-000-430), for which he received a five-year sentence. These convictions were pursuant to guilty pleas, and no appeals were taken.
We construe the somewhat confusing allegations of Mosley’s petition to be as follows: (1) the three offenses to which he pleaded guilty were not included in the indictment, and they were entered within three days of notice of his intent to plead; thus, his convictions are void because, he says, the trial court was without jurisdiction to render judgment; (2) his “counsel was ineffective to advise him of his right to apply for youthful offender status”; (3) the trial court erred in failing to set aside the two judgments of guilty of second degree receiving stolen property for its failure to advise Mosley of his right to apply for youthful offender status; thus, he argues, the trial court was without jurisdiction to render judgment; and (4) he failed to appeal within the prescribed time through no fault of his own. Mosley further asserted that the above allegations are based on newly discovered material facts not known at the time of the plea proceedings or in time to be included in any prior collateral petition and not discoverable by reasonable diligence. This last assertion is clearly without merit, because by the nature of the facts supporting those allegations, the facts could not conceivably be newly discovered as that phrase is defined by Rule 32.1(e).
The state’s response to these allegations is directed to only one conviction for second degree receiving stolen property (evidently CC-80-833), for which, the state alleges, Mosley was sentenced to 20 years’ imprisonment, to be served consecutively to the sentence imposed in CC-80-618. The circuit court’s written findings of fact are also directed solely to this conviction. No mention is made of the allegations in regard to Mosley’s other two convictions. It is quite possible that separate petitions were filed relating to the other two convictions, which is proper if those convictions were the result of separate proceedings, Appendix to Rule 32, paragraph (3) of instructions. See Bryant v. State, 565 So.2d 290 (Ala.Cr.App.1990) (a collateral petition should be directed at only one proceeding). However, no explanation is given for the circuit court’s lack of consideration of the other two convictions. Thus, this cause must be remanded.
If the CC-80-833 conviction was the result of a proceeding separate from the proceeding or proceedings resulting in the other two convictions, if the circuit court considered the instant petition to contest only the CC-80-833 conviction for second degree receiving stolen property, and if Mosley was given the opportunity to contest the other convictions in separate petitions, the circuit court should so inform this court. Thereafter, we would consider the merits of the court’s review of the CC-80-833 conviction. If either or both of the other two convictions were the result of the same proceeding resulting in the conviction of CC-80-833, then the circuit court should consider the allegations pertaining to any other conviction resulting from that pro *362 ceeding. In any event, the circuit court should remedy its failure to address the third allegation listed above. In addressing this remand order, the court is authorized to take whatever action is determined necessary. The court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time, but in any event within 30 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.