The appellant, Jerry Day Hayes, a/k/a James Brad Hayes, was convicted of robbery in the first degree and was sentenced to life imprisonment. We affirmed the appellant's conviction and sentence without opinion on August 18, 1995. On October 12, 1995, the appellant filed a Rule 32, Ala.R.Crim.P., petition asserting, among other grounds, 23 separate claims of ineffective assistance of trial counsel, which he also argues his appellate counsel failed to raise and thus led to ineffective performance by appellate counsel as well. The State responded to the petitioner's claims of ineffective assistance of appellate counsel by addressing only one claim that concerned an allegedly improper juror communication. The trial court denied the petition on February 5, 1996, on the ground that the matter had been previously raised or addressed.
On appeal from the denial of the appellant's Rule 32 petition, the State requests us to remand the cause to the circuit court in order for that court to specifically address each of the appellant's allegations of ineffective assistance of appellate counsel that were not previously raised. Such claims must be considered and addressed by the trial court before they can be reviewed by this court. Brown v. State,681 So.2d 1102 (Ala.Cr.App. 1996). The trial court should submit its findings of facts and conclusions of law to this *Page 1280 
court within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.