The appellant, James Sheridan Knight, appeals from the summary dismissal of his Rule 32, Ala.R.Crim.P., petition. The record shows that the petition attacks his convictions in separate proceedings, CC-91-2270 and CC-91-2274. Paragraph (3) to the form attached as an appendix to Rule 32 states that "[o]nly the judgments entered in a single trial may be challenged in a particular *Page 901 
petition." See also Bryant v. State, 565 So.2d 290
(Ala.Cr.App. 1990) (quoting, with approval, the same provision in the appendix to Rule 20, Ala.R.Crim.P.Temp., which was the predecessor to Rule 32). Consequently, we will treat the petition as attacking the convictions obtained under CC-91-2270, theft of property in the first degree and burglary in the third degree. The appellant's convictions in CC-91-2270 were affirmed on direct appeal. Knight v. State, 655 So.2d 60 (Ala.Cr.App. 1994) (table). The certificate of judgment was issued on July 15, 1994. The appellant's post-conviction petition was filed on September 18, 1997. (C. 3.)
In his petition, the appellant raised two grounds for relief: (1) newly discovered evidence that his trial counsel had a conflict of interest because he was representing the trial judge in a civil matter at the time of the appellant's criminal trial and (2) ineffective assistance of trial counsel because, he alleges, his counsel failed to object to evidence of other crimes offered by the state and failed to properly investigate his case.
Although the appellant filed his petition within six months of his discovery of the alleged new evidence, as required by Rule 32.2(c), Ala.R.Crim.P., he failed to provide any evidentiary support for his claim and, as a result, he failed to meet the burden of proof to entitle him to relief on this ground. See Elliott v. State, 601 So.2d 1118, 1119 (Ala.Cr.App. 1992) (standard for review of post-conviction allegation based on newly discovered evidence is that the newly discovered evidence must not have been discoverable through the exercise of due diligence and it must be such that its admission would have probably prevented conviction). See also Rules 32.3 and 32.6(b), Ala.R.Crim.P.
The appellant indicated, in this petition, that the circuit court held an evidentiary hearing on an earlier post-conviction petition filed in CC-91-2270; therefore, that petition was adjudicated on the merits. (C. 5.) As a result, the claims of ineffective assistance of counsel were precluded by the successive petition bar of Rule 32.2(b), Ala.R.Crim.P.
Additionally, we note that the claims of ineffective assistance of counsel were also precluded because the appellant's petition was filed outside the two-year limitations period set out in Rule 32.2(c), Ala.R.Crim.P. The state set out this ground of preclusion in its response to the appellant's petition; however, the circuit court did not refer to it in its dismissal order. The circuit court did not err in summarily dismissing the petition.
As we stated above, the appellant also attacked in this petition his conviction under CC-91-2274, which is not permitted under Rule 32. Consequently, the judgment of the circuit court is affirmed as to CC-91-2270 and is reversed as to CC-91-2274 and the cause is remanded so that the appellant may file a new post-conviction petition attacking CC-91-2274.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
McMillan, Cobb, Brown, and Baschab, JJ., concur.
 *Page 279