Marshall Van Reed appeals the denial and dismissal of his Rule 32, Ala.R.Crim.P., petition for post-conviction relief. He was convicted of rape in the first degree, robbery in the first degree, and burglary in the first degree, violations of
§§ 13A-6-61, 13A-8-41, and 13A-7-5, Ala. Code 1975, respectively. Reed was sentenced as a habitual offender, with six prior felonies, to life imprisonment without parole. This court affirmed his convictions in an unpublished memorandum. SeeMarshall Van Reed v. State, 725 So.2d 1076 (Ala.Cr.App. 1997) (table). A certificate of final judgment was issued on December 19, 1997. Reed filed this petition for postconviction relief on February 3, 1999.
In his petition, Reed raises two issues. However, he amended the petition to include an additional issue. Without conducting an evidentiary hearing, the circuit judge reviewing the petition, who was not the judge who had presided at Reed's trial, dismissed the petition with a written order. (C. 94-97.) Reed appeals, arguing that the trial court erred to reversal by (1) failing to find that Reed had been denied effective assistance of counsel,[1] (2) failing *Page 233 
to conduct an evidentiary hearing, and (3) summarily dismissing the petition insofar as it related to two of his convictions.
We apply an abuse of discretion standard of review to the circuit court's denial of a Rule 32, Ala.R.Crim.P., petition for postconviction relief. See Elliott v. State, 601 So.2d 1118
(Ala.Cr.App. 1992). If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. See Roberts v.State, 516 So.2d 936 (Ala.Cr.App. 1987).
 I.
Reed argues that the trial court erred by denying his petition because, he says, he was denied effective assistance of counsel. Specifically, he contends that his counsel was ineffective because his counsel (1) failed to move to quash the indictment that Reed says did not satisfy § 15-8-70, Ala. Code 1975, (2) failed to challenge an in-court-identification of Reed, by the victim of a previous offense, who testified at Reed's trial to show motive, (3) failed to advise him of his right to testify at trial, (4) failed to object to the victim's stating during her testimony that she was "raped," (5) failed to object when the State did not prove that he was represented by counsel on prior convictions used to enhance his sentence under the Habitual Felony Offender Act, (6) failed to challenge the arrest warrant, and (7) failed to object when the court did not give the oath to the venire prior to voir dire. The court, in a written order, dismissed the ineffective-assistance-of-counsel claims, stating that Reed "failed to allege with specificity the basis of his ineffective assistance of counsel claims," and that, therefore, "this claim is due to be dismissed." (C. 97.)
To prevail on an ineffective-assistance-of-counsel claim, Reed must satisfy the two-pronged test articulated in Stricklandv. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064,80 L.Ed.2d 674 (1984). Specifically, Reed must show (1) that his counsel's performance was deficient and (2) that he was prejudiced by this deficient performance. Id. Moreover, he must prove that the outcome of his trial would have been different but for counsel's deficient performance. See Twyman v. State, 565 So.2d 1215
(Ala.Cr.App. 1990).
 A.
In his first allegation of ineffective assistance of counsel, Reed argues that the circuit court abused its discretion by dismissing Reed's claim that his counsel was ineffective for failing to move to quash the indictment. Reed says the indictment did not satisfy the requirements of § 15-8-70, Ala. Code 1975. Reed specifically alleges that his counsel was deficient in failing to object to the defective indictment; Reed alleges he was prejudiced by his counsel's failure to do so.
Section 15-8-70, Ala. Code 1975, states:
 "All indictments must be presented to the court by the foreman of the grand jury in the presence of at least 11 other jurors, must be endorsed `filed' and must have the endorsement dated and signed by the clerk; but no entry of an indictment found must be made on the minutes, nor must any indictment be inspected by any other person than the district attorney, the presiding judge and the clerk of the court until the defendant has been arrested or has given bail for his appearance."
The record on direct appeal indicates that the indictment satisfied the requirements of § 15-8-70, Ala. Code 1975: the indictment was returned in open court and was signed by the grand jury foreman in the presence of the 14 grand jurors. (Record on direct appeal, 23-24.) Therefore, Reed's counsel was not deficient in this regard. Strickland, 466 U.S. 668. *Page 234 
Moreover, even assuming that the indictment did not satisfy the requirements of § 15-8-70, Ala. Code 1975, Reed could not have been prejudiced by counsel's failure to move to quash the indictment. "Neither an unlawful arrest, Coral v. State,551 So.2d 1181, 1182 (Ala.Cr.App. 1989), nor the failure of the grand jury foreman to endorse the indictment `a true bill,' see Noah v.State, 494 So.2d 870, 871 (Ala.Cr.App. 1986), affects the fundamental power of the court to proceed with the prosecution."Smith v. State, 609 So.2d 449, 450 (Ala.Cr.App. 1992). Thus, even if the indictment did not satisfy § 15-8-70, Ala. Code 1975, Reed could not have suffered prejudice from counsel's failure, as required for an ineffective-assistance claim under Strickland.
 B.
Reed next argues that the circuit court improperly dismissed his claim that his counsel was ineffective for failing to challenge an in-court-identification of Reed by a victim of a previous offense. The trial court permitted the witness to testify about the incident with Reed in order to show motive. Specifically, he contends that his counsel's failure to challenge the victim's in-court-identification violated his due process rights under Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375,34 L.Ed.2d 401 (1972).
Before the trial, the trial court held a hearing to determine the prior victim's ability to identify Reed as her attacker. During the prior victim's testimony, she was subjected to extensive cross-examination by Reed's counsel. (Record on direct appeal, 138-40.) She was also subjected to extensive cross-examination at trial. (Record on direct appeal, 408-18.) Therefore, Reed's counsel was not deficient; his counsel challenged the prior victim's identification of Reed on cross-examination.See Strickland, supra; see alsoHayes v. State, 706 So.2d 1279 (Ala.Cr.App. 1997).
 C.
Reed further argues that the circuit court erred in dismissing his claim that his counsel was ineffective for failing to advise Reed of his right to testify at trial. This issue is procedurally barred because Reed did not raise this issue in his postconviction petition. "An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." Arrington v. State, 716 So.2d 237, 239
(Ala.Cr.App. 1997); see also Cleveland v. State,570 So.2d 855 (Ala.Cr.App. 1990); Morrison v. State, 551 So.2d 435
(Ala.Cr.App. 1989).
 D.
Reed also argues that the circuit court erred in dismissing his claim that his counsel was ineffective for failing to object to the victim's repeatedly stating during her testimony that she was raped. This argument is without merit. The victim testified that she told the police officer that she was "raped," which she said only twice. (Record on direct appeal, 203.) Reed's counsel was not deficient in not objecting to this statement because the victim's testimony did not invade the province of the jury. In fact, the victim is allowed to testify to the ultimate issue of the case. See Hampton v. State, 620 So.2d 99
(Ala.Cr.App. 1992) (holding that conclusory expert testimony that injuries were consistent with forcible intercourse did not invade the province of the jury). See also Moss v. State,545 So.2d 230 (Ala.Cr.App. 1989).
 E.
Reed next argues that the circuit court abused its discretion in finding that Reed's counsel was not ineffective for failing to object when the State, he says, unconstitutionally used prior convictions to enhance Reed's sentence. Specifically, he contends that the State failed to prove that he was represented by counsel or that he had waived his right to counsel on the prior convictions that were used to enhance *Page 235 
his sentence pursuant to the Habitual Offender Act. In its order, the trial court found that Reed was represented by counsel in each prior conviction used pursuant to the Habitual Felony Offender Act. (C. 96.) Therefore, Reed has not proved the prejudice required by Strickland.See supra.
 F.
Reed further argues that the trial court erred in dismissing
his claim that his counsel was ineffective for failing to challenge the arrest warrant. Specifically, he argues that the officers did not have probable cause to arrest him.
The indictments are contained in the record on direct appeal. "`"On the question of probable cause, it is well established that the indictment itself, together with proof that the defendant is the one named in it, is prima facie evidence of probable cause."'"George v. State, 717 So.2d 827, 837 (Ala.Cr.App. 1996), reversed on other grounds, quoting Roynica v. State, 54 Ala. App. 436, 441,309 So.2d 475, 478-79 (1974). Here, Reed's counsel was not deficient for failing to object to the arrest warrant because the indictments clearly establish probable cause. (Record on direct appeal, 23-31.)
 G.
Reed also argues that the circuit court abused its discretion in finding that Reed's counsel was not ineffective for allegedly failing to object when the trial court did not administer an oath to the voir dire. He further asserts that the record is silent as to whether the oath was given, and thus, a presumption cannot be made on a silent record.
We agree with the trial court's finding that this claim is not sufficiently pleaded. Rule 12.6(c), Ala.R.Crim.P., states "[o]n the opening day of the term, or on such other day as the venire shall have been summoned to appear" the trial court shall administer an oath. Marshall fails to present any evidence that his attorney was present when the oath should have been given. Therefore, this claim is procedurally precluded from review because Marshall has not met his burden of "pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Rule 32.3, Ala.R.Crim.P. "A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Rule 32.6(c), Ala.R.Crim.P.
 II.
Reed argues that the court erred in denying the petition without conducting an evidentiary hearing. Reed challenged his three convictions in this one Rule 32 petition. He argues that the circuit court erred by dismissing the petition as to two of the three convictions. Specifically, he contends that the trial court should not have dismissed the petition as to those two convictions because all three convictions arose from the same proceeding. We agree.
The trial court's order states
 "The Petitioner has filed a single Rule 32 Petition attacking his convictions in CC-93-1035, CC-93-1036, and CC-93-1037. The Alabama Court of Criminal Appeals in Knight v. State, CR-97-0405 (Ala.Crim.App. 1999), stated that a petitioner must file a separate petition to attack each conviction. In the Knight case, the petitioner had filed a single Rule 32 Petition attacking his convictions on 2 cases. In the present case, petitioner Marshall Van Reed has filed a single Rule 32 Petition attacking 3 of his convictions in CC-93-1035, CC-93-1036 and CC-93-1037. "Wherefore, this Court dismisses Petitioner's Rule 32 Petition attacking CC-93-1036 and CC-93-1037 as these cases are not properly before the Court."
(C. 94-95.)
The trial court's interpretation of Knight is erroneous. InKnight, this court *Page 236 
explicitly stated "`only the judgments entered in a single trial may be challenged in a particular petition.'" Knight v. State, 727 So.2d 900
(Ala.Cr.App. 1999). Filing a separate petition for each conviction, as in the trial court's order suggests, is not necessary. Rather, a single petition may be filed against one conviction or several convictions that arose out of one trial. See Knight, supra; LaBlanc v.State, 609 So.2d 9 (Ala.Cr.App. 1992). Although in this case there are three separate indictments, the three convictions were entered in one trial. Therefore, the trial court should have addressed all three convictions challenged in Reed's petition for postconviction relief. Because CC-93-1036 and CC-93-1037 were properly before the trial court and the trial court erroneously dismissed the convictions, this cause is due to be remanded to the trial court for the entry of specific findings of fact as to CC-93-1036 and CC-93-1037. The trial court is instructed to return its written findings of fact concerning these cases, including evidence relied upon, within 21 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
Long, P.J., and McMillan, Baschab, and Fry, JJ., concur.
[1] Reed was represented by the same counsel at trial and on direct appeal; thus, this issue is properly raised in his petition. (C. 13.) See Ex parte Besselaar, 600 So.2d 978
(Ala. 1992). *Page 861