On July 17, 2000, the appellant filed a Rule 32, Ala.R.Crim.P., petition, in which he challenged his sentences on convictions in 1989 and 1994 for receiving stolen property in the second degree. In his petition, the appellant stated that he pleaded guilty to the charged offenses, that he was sentenced to 23 years' imprisonment, and that he did not appeal from those convictions.[1]
The Appendix to Rule 32 contains a form that is to be used in filing Rule 32 petitions. Paragraph (3) of the instructions of the form states, "Only the judgments entered in a single trial may be challenged in a particular petition." See Knight v. State, 727 So.2d 900 (Ala.Crim.App. 1999) (quoting this provision with approval); see also Bryant v. State,565 So.2d 290 (Ala.Crim.App. 1990) (quoting, with approval, the same provision in the Appendix to Rule 20, Ala.R.Crim.P.Temp., the predecessor to Rule 32). Therefore, we will treat the appellant's petition as an attack on only his conviction in case CC-88-2491.60.
The appellant's sole claim was that the trial court lacked jurisdiction to impose a sentence greater than the maximum for a Class C felony because, he said, he did not receive notice of the State's intention to seek enhancement of his sentence under the Habitual Felony Offender Act. The State moved to dismiss the petition, pleading that the petition was procedurally barred because the appellant's claim was not jurisdictional and could have been, but was not, raised on appeal. The court summarily denied the petition on the grounds asserted by the State.
On appeal, the appellant contends that the trial court abused its discretion by denying his petition. A review of the record reveals that the trial court properly denied the petition, because relief was precluded under Rule 32.2(a)(3), Ala.R.Crim.P.
Rule 32.2(a)(3) provides that, unless a petitioner states a valid claim of lack of jurisdiction under Rule 32.1(b), Ala.R.Crim.P., he will not be given relief based on a ground that could have been, but was not, raised on appeal. In Nichols v. State, 629 So.2d 51 (Ala.Crim.App. 1993), this court held that notice to the defendant that the State seeks to invoke the Habitual Felony Offender Act is a procedural, rather than a jurisdictional, requirement. It is undisputed that the appellant failed to raise on appeal the claim he now asserts as his Rule 32 petition. Because the appellant's claim is not jurisdictional and because he failed to appeal, relief on his petition is precluded under Rule 32.2(a)(3). *Page 438 
The order of the trial court is affirmed as to case CC-88-2491.60. Because the appellant could attack only one of his convictions in a Rule 32 petition and because we have treated his petition as addressing case CC-88-2491.60, the trial court's order purporting to deny the petition as to case CC-94-1569.60 is void, and the appellant may file a new Rule 32 petition attacking his conviction in case CC-94-1569.60.
AFFIRMED AS TO CASE CC-88-2491.60; ORDER SET ASIDE AS TO CASE CC-94-1569.60.
Cobb, Baschab, Shaw, and Wise, JJ., concur.
[1] The State notes that the 1989 sentence was for a 20-year term.