Bryan Grady was indicted for first-degree theft of property. Pursuant to a negotiated plea agreement, the State amended the indictment to include the charge of second-degree theft of property. On February 22, 1996, Grady pled guilty to second-degree theft of property. The trial court sentenced him to 20 years in prison. Grady did not appeal.
Grady filed his first Rule 32, Ala.R.Crim.P., petition. The State replied, and the circuit court summarily denied the petition on March 27, 1997. Grady did not *Page 648 
appeal the denial of that petition. On June 4, 2001, Grady filed his second Rule 32, Ala.R.Crim.P., petition which the circuit court summarily denied on June 19, 2001.
 "We apply an abuse of discretion standard of review to the circuit court's denial of a Rule 32, Ala.R.Crim.P., petition for postconviction relief. See Elliott v. State, 601 So.2d 1118 (Ala.Cr.App. 1992). If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. See Roberts v. State, 516 So.2d 936 (Ala.Cr.App. 1987)."
Reed v. State, 748 So.2d 231, 233 (Ala.Crim.App. 1999).
On appeal, Grady reasserts the claim he made in his second petition to the circuit court and complains that the circuit court denied his petition without a response from the State and without making specific findings of fact. See Rules 32.7(a) and 32.9(d), Ala. R. Crim. App. Grady claimed in his petition to the circuit court that the trial court did not have jurisdiction to accept his plea of guilty. We note that, although this is a successive petition, see Whitt v. State, 827 So.2d 869
(Ala.Crim.App. 2001) (citing Rule 32.2(b), Ala.R.Crim.P.), jurisdictional claims are not "precluded by the limitations period or by the rule against successive petitions." Jones v. State, 724 So.2d 75, 76
(Ala.Crim.App. 1998).
First, although Rule 32.7(a) mandates that the district attorney shall
file a response, the State's failure to do so, or the circuit court's failure to allow the State to respond before summarily dismissing a petition, is not necessarily an error requiring us to remand the cause in order for the State to respond. Rule 32.7(d), Ala.R.Crim.P., allows the circuit court to summarily dispose of a petition if the petition "is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be servedby any further proceedings." (Emphasis added.) Thus, the circuit court can summarily dispose of a petition even before the State has responded if the petition is ripe for summary dismissal under Rule 32.7, because no purpose would be served by allowing the State to respond. Here the circuit court did not err because, as discussed below, the circuit court correctly summarily denied Grady's petition, and no purpose would have been served by allowing or by ordering the State to respond.[1]
Second, as for whether the circuit court was required to make specific findings of fact upon denying his petition, Grady claimed in his petition to the circuit court that the trial court had been without jurisdiction to accept his guilty plea. Specifically, Grady claimed that the amended indictment was invalid because second-degree theft of property was not a lesser-included offense of first-degree theft of property.[2] This claim was without merit. *Page 649 
 "A trial court does not have authority to accept a guilty plea to an offense not encompassed by the indictment. Edwards v. State, 671 So.2d 129
(Ala.Cr.App. 1995); Glover v. State, 649 So.2d 216
(Ala.Cr.App. 1994); Ford v. State, 612 So.2d 1317
(Ala.Cr.App. 1992); Ross v. State, 529 So.2d 1074
(Ala.Cr.App. 1988). See Rule 13.5(a), Ala.R.Crim.P. `When the trial court accepts a guilty plea under such circumstances, the court's judgment is void, because the defendant is convicted of an offense for which the defendant has not been indicted and an essential requisite of jurisdiction is therefore missing.' Edwards, 671 So.2d at 130."
Howard v. State, 710 So.2d 456, 459 (Ala.Crim.App. 1996).
Section 13A-8-3, Ala. Code 1975, provides, in pertinent part, that "[t]he theft of property which exceeds $1,000.00 in value, or property of any value taken from the person of another, constitutes theft of property in the first degree." Section 13A-8-4, Ala. Code 1975, provides, in pertinent part, that "[t]he theft of property which exceeds $250.00 in value but does not exceed $1,000.00 in value, and which is not taken from the person of another, constitutes theft of property in the second degree." Under § 13A- 1-9, Ala. Code 1975, "A defendant may be convicted of an offense included in an offense charged. An offense is an included one if . . . [i]t is specifically designated by statute as a lesser degree of the offense charged." The Commentary to this section explains: "Subdivision (a)(3) covers a degree relationship in the statutes themselves, e.g., second-degree theft on a charge of first-degree theft." Therefore, because of the degree relationship between the two, second-degree theft of property is included within the offense of first-degree theft of property, and Grady's claim is without merit. Because no material issue of fact or law existed that would have entitled Grady to relief, the circuit court did not abuse its discretion by summarily denying Grady's petition without making specific findings of fact.
Finally, although we affirm the circuit court's summary denial of Grady's Rule 32 petition, we nonetheless remand this cause in order for the circuit court to determine the legality of Grady's sentence. Grady pled guilty to second-degree theft of property, which is a Class C felony. § 13A-8-4(b), Ala. Code 1975. The trial court sentenced him to 20 years in prison. The sentencing range for a Class C felony is "not more than 10 years or less than 1 year and 1 day." § 13A-5-6(a)(3), Ala. Code 1975. Neither the sentencing order reflected on the case action summary sheet nor anything in the record before us indicates that Grady was sentenced as a habitual felony offender. See § 13A-5-9, Ala. Code 1975. The circuit court noted on the case action summary sheet, regarding Grady's first Rule 32 petition: "Petition Denied — court documents refute allegations re improper sentencing range." Nonetheless, this notation does not indicate that Grady was sentenced as a habitual felony offender. Moreover, from the record before us, Grady did not claim that his sentence was illegal in his first Rule 32 petition.
If, in fact, Grady was not sentenced as a habitual offender, then his sentence exceeded the maximum allowed by statute. We remand this cause for the circuit court to determine whether Grady's sentence exceeds the statutory maximum. A written return to remand order containing detailed written findings regarding the sentence in *Page 650 
this case is due to be filed with this Court within 21 days from the date of the release of this opinion.
AFFIRMED IN PART AND REMANDED WITH DIRECTIONS.
McMillan, P.J., and Shaw and Wise, JJ., concur. Baschab, J., concurs in part and dissents in part, without opinion.
[1] We point out, however, that "`[w]hen the State does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true.'" Bates v. State, 620 So.2d 745, 746 (Ala.Crim.App. 1992) (quoting Smith v. State, 581 So.2d 1283, 1284 (Ala.Crim.App. 1991)).
[2] In his petition to the circuit court, Grady argued that his plea was involuntary because second-degree theft of property was not a lesser included offense of first-degree theft of property. However, this is not a voluntariness claim; rather, Grady's claim disputes the validity of the indictment and the trial court's resulting jurisdiction to accept his plea. His "voluntariness" argument therefore duplicates his jurisdictional argument. We address only his jurisdictional argument.
 *Page 1