SHAW, Judge,
concurring specially.
This Court has taken different approaches when presented with rulings on a Rule 32, Ala.R.Crim.P., petition that challenges convictions and sentences arising out of multiple proceedings. One approach, which finds support in cases such as LaBlanc v. State, 609 So.2d 9 (Ala.Crim.App.1992), and Johnson v. State, 755 So.2d 74 (Ala.Crim.App.1999), focuses 'on strict adherence to the procedure outlined in Rule 32.6 and the accompanying appendix to Rule 32, with little or no discussion of this Court’s ability to discern the issues and arguments from the briefs and record. Under this approach, the circuit court’s judgment with respect to all claims is reversed and the case is remanded with instructions for the circuit court to return the petition to the appellant so that separate petitions may then be filed.
Another approach, which finds support in cases such as Bryant v. State, 565 So.2d 290 (Ala.Crim.App.1990), focuses on whether the petitioner’s failure to comply with the “one proceeding/one petition” rule has generated such confusion that it is difficult or impossible for this Court to adequately review the circuit court’s judgment. Under this approach, the case is remanded to afford the petitioner an opportunity to file separate petitions.
Under another approach, which finds support in cases such as Knight v. State, 727 So.2d 900 (Ala.Crim.App.1999), and this Court’s recent decision in Reese v. State, 796 So.2d 436 (Ala.Crim.App.2001) (in which I concurred), this Court addresses the judgment entered in one of the proceedings (assuming that we can adequately isolate the issues and arguments with respect to one of the proceedings) and vacates the judgment or judgments arising out of the remaining proceedings. The petitioner is then free to file additional petitions in the remaining proceedings if he so chooses.
However, for the sake of judicial economy (both in the circuit court and in this Court), I prefer the approach taken in the present case. Here, in one petition the petitioner has challenged three convictions, based on three guilty pleas. The correctness of the circuit court’s rulings as to each of the petitioner’s claims is clearly discernible from the record. Based on this record, I agree with former Presiding Judge Bowen’s dissent in Maddox v. State, 662 So.2d 914 (Ala.Crim.App.1993), which the Alabama Supreme Court adopted in Ex parte Maddox, 662 So.2d 915 (Ala.1995): “It' is ridiculous to remand this *745 cause so that the appellant will have the opportunity to file a petition [or petitions] in the proper form that will be promptly dismissed.” 662 So.2d at 915. I recognize that Rule 32.6 contemplates that the circuit courts will act as “gatekeepers,” in the sense that they are charged with the responsibility of ensuring adherence to proper form and of denying review of petitions that fail to comply substantially with the form set out in the appendix to Rule 32. However, in cases such as this one, where we know that the circuit court has correctly ruled on a facially meritless petition, albeit in contravention of the procedure set out in Rule 32.6, the Supreme Court clearly signaled in Maddox that this Court can proceed to address the issues and dispose of the case.