Rodney Cogman appeals from the circuit court's denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1996 conviction for first-degree robbery. On September 27, 1996, we affirmed Cogman's conviction on direct appeal, by an unpublished memorandum. Cogman v. State (No. CR-95-1530), 689 So.2d 1019
(Ala.Crim.App. 1996) (table). Following the denial of Cogman's application for rehearing, this Court issued a certificate of judgment on December 10, 1996.
On December 11, 1998, Cogman filed his first Rule 32, Ala.R.Crim.P., petition, which the circuit court summarily denied on September 24, 1999. Cogman filed this, his second Rule 32 petition, on June 18, 2001. The petition contained four claims of ineffective assistance of trial counsel, four claims of ineffective assistance of appellate counsel, and a claim that he was due an out-of-time appeal, because, he says, through no fault of his own, he did not receive notice of the circuit court's dismissal of his first Rule 32 petition until 10 months after the court had entered its ruling. The State filed a response in which it conceded that Cogman had not received timely notice of the Court's September 24, 1999, denial of his first Rule 32 petition. Thus, the State indicated it would not oppose an out-of-time appeal from the first Rule 32 petition. However, the State responded that all new claims raised in the second petition were procedurally barred as successive, pursuant to Rule 32.2(b), Ala.R.Crim.P.
On August 2, 2001, the circuit court entered the following order:
 "Court finds that petitioner was not timely notified of the Court's denial of the Rule 32 petition. The Court hereby incorporates all pleadings and responses. The Court finds that through no fault of petitioner, he failed to file a timely appeal. The Court now reconsiders the Petition for Relief, and finds that the petition is without merit. Petition is therefore denied and dismissed. Clerk shall noti[fy] petitioner."
(C. 46.) This appeal followed.
Cogman contends that in light of the claims presented, the circuit court erred in denying his petition without first conducting an evidentiary hearing. We disagree.
Although it initially appears that Cogman is entitled to an out-of-time appeal from his first Rule 32 petition based on the authority of Ex parteFountain, 842 So.2d 726 (Ala. 2001), and Brooks v. State, [Ms. CR-00-1134, April 26, 2002] ___ So.2d ___ (Ala.Crim.App. 2002) (opinion on rehearing), a closer review of the record reveals otherwise.
Cogman's first Rule 32 petition raised claims of ineffective assistance of counsel. An ineffective-assistance-of-counsel claim is not jurisdictional; therefore, it is subject to the two-year limitations period in Rule 32.2(c). See Knight v. State, 727 So.2d 900, 901
(Ala.Crim.App. 1999). By Cogman's own admission, he did not file his first Rule 32 petition until December 11, 1998, one day after the two-year *Page 193 
limitations period had expired.[1] Because only non-jurisdictional claims for relief were contained in Cogman's first Rule 32 petition, which was filed more than two years after the certificate of judgment in his case was issued, those issues were precluded by Rule 32.2(c), Ala.R.Crim.P. Thus, the circuit court should have dismissed the petition as procedurally barred by Rule 32.2(c), Ala.R.Crim.P. Given these circumstances, there is no need to grant Cogman an out-of-time appeal from the denial of his first Rule 32 petition and the claims raised therein.
We note that the State's failure to assert this defense does not preclude this Court from noticing this defect.
 "Rule 32.2(c), Ala.R.Crim.P., establishes a limitations period for filing a petition for post-conviction relief on the grounds specified in Rule 32.1(a) and (f), Ala.R.Crim.P., and its language is mandatory. See Hugh Maddox, Alabama Rules of Criminal Procedure § 32.2 (3d ed. 1999). `The statute of limitations is a jurisdictional matter.' Hines v. State, 516 So.2d 937, 938 (Ala.Crim.App. 1987). See also Ex parte Campbell, 784 So.2d 323
(Ala. 2000); Hunt v. State, 642 So.2d 999
(Ala.Crim.App. 1993), aff'd, 642 So.2d 1060 (Ala. 1994). Therefore, the failure to file a Rule 32 petition within the two-year limitations period is a jurisdictional defect that can be noticed at any time and is not waived by the failure of the State to assert it. Any previous holdings to the contrary are hereby expressly overruled. See, e.g., Howard v. State, 616 So.2d 398 (Ala.Crim.App. 1993)."
Williams v. State, 783 So.2d 135, 137 (Ala.Crim.App. 2000).
With the exception of the out-of-time appeal claim, Cogman's second Rule 32 petition contains only non-jurisdictional claims for relief. Given that the second petition was also filed more than two years after the certificate of judgment was issued, it is likewise precluded by Rule 32.2(c), Ala.R.Crim.P. Although the circuit court dismissed Cogman's petition for a reason other than the one discussed above, the court's ruling is, nevertheless, due to be affirmed. See Long v. State,675 So.2d 532, 533 (Ala.Crim.App. 1996) ("'where the judgment of the circuit court denying a petition for post-conviction relief is correct for any reason, it will be affirmed by this Court, even if the circuit court stated an incorrect reason for its denial'" (quoting Swicegood v.State, 646 So.2d 159, 160 (Ala.Crim.App. 1994)). Accord Whitt v. State,827 So.2d 869, 876 (Ala.Crim.App. 2001); Waddle v. State, 784 So.2d 367,369 n. 2 (Ala.Crim.App. 2000). Accordingly, the circuit court was authorized to deny Cogman's petition without an evidentiary hearing. SeeTatum v. State, 607 So.2d 383, 384 (Ala.Crim.App. 1992); Rule 32.7(d), Ala.R.Crim.P. The judgment of the circuit court is therefore affirmed.
AFFIRMED.
McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur.
[1] Cogman claims that his first Rule 32 petition was timely because, he says, this Court did not issue a certificate of judgment until December 13, 1996. However, we have reviewed the records of Cogman's direct appeal, see Hull v. State, 607 So.2d 369, 371 (Ala.Crim.App. 1992) (this Court may take judicial notice of its own records), and determined that the certificate of judgment was issued on December 10, 1996. *Page 194