COBB, Judge.
In 1985, Albert James Evans pleaded guilty to one count of second-degree theft of property and one count of second-degree receiving stolen property; he was sentenced to concurrent 15-year sentences. Evans did not appeal his convictions and sentences.
In 2002, Evans filed his first Rule 32, Ala. R.Crim. P., petition in this case. The circuit court summarily denied the petition on October 9, 2002, and Evans did not appeal the denial. On March 18, 2003, Evans filed his second Rule 32 petition and raised, among other things, the same claim that he had raised in his first petition. After the State had responded, the circuit court summarily dismissed the petition on May 9, 2003. This appeal followed.
In his petition, Evans claimed that he was unjustly denied his right to appeal the denial of his first petition because the court did not notify him that his first petition was denied. He also reiterated the claim asserted in his first petition — that, because he had been indicted for first-degree receiving stolen property, the trial court did not have jurisdiction to accept his guilty plea to second-degree receiving stolen property. Specifically, he claimed that the value of the property he received exceeded the value set by statute for the offense of second-degree receiving stolen property. On appeal, Evans reiterates his claims and contends that the circuit court abused its discretion by dismissing his petition.
“[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001). “If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. See Roberts v. State, 516 So.2d 936 (Ala.Cr.App.1987).” Reed v. State, 748 So.2d 231, 233 (Ala.Crim.App.1999).
Initially, we note:
“A trial court does not have authority to accept a guilty plea to an offense not encompassed by the indictment. Edwards v. State, 671 So.2d 129 (Ala.Cr.App.1995); Glover v. State, 649 So.2d 216 (Ala.Cr.App.1994); Ford v. State, 612 So.2d 1317 (Ala.Cr.App.1992); Ross v. State, 529 So.2d 1074 (Ala.Cr.App.1988). See Rule 13.5(a), Ala.R.Crim.P. ‘When the trial court accepts a guilty plea under such circumstances, the court’s judgment is void, because the *633 defendant is convicted of an offense for which the defendant has not been indicted and an essential requisite of jurisdiction is therefore missing.’ Edwards, 671 So.2d at 130.”
Howard v. State, 710 So.2d 456, 459 (Ala.Crim.App.1996). Thus, if second-degree receiving stolen property is not a lesser-included offense of first-degree receiving stolen property, then the trial court did not have jurisdiction to accept Evans’s guilty plea. Because this claim implicates the subject matter jurisdiction of the trial court, it cannot be precluded.
We addressed a similar claim in Evans’s appeal from the denial of a Rule 32 petition arising from his guilty plea for theft of property, rather than the plea for receiving stolen property, which is the subject of this case. Citing Grady v. State, 831 So.2d 646 (Ala.Crim.App.2001), we found such a claim to be without merit.
 In Grady, this Court held that “second-degree theft of property is included within the offense of first-degree theft of property.” 831 So.2d at 649. Specifically, we stated:
“Section 13A-8-3, Ala.Code 1975, provides, in pertinent part, that ‘[t]he theft of property which exceeds $1,000.00 in value, or property of any value taken from the person of another, constitutes theft of property in the first degree.’ Section 13A-8-4, Ala.Code 1975, provides, in pertinent part, that ‘[t]he theft of property which exceeds $250.00 in value but does not exceed $1,000.00 in value, and which is not taken from the person of another, constitutes theft of property in the second degree.’ Under § 13A-1-9, Ala.Code 1975, ‘A defendant may be convicted of an offense included in an offense charged. An offense is an included one if ... [i]t is specifically designated by statute as a lesser degree of the offense charged.’ The Commentary to this section explains: ‘Subdivision (a)(3) covers a degree relationship in the statutes themselves, e.g., second-degree theft on a charge of first-degree theft.’ Therefore, because of the degree relationship between the two, second-degree theft of property is included within the offense of first-degree theft of property.”
831 So.2d at 649. We now hold that this same rationale extends to the property value requirements and the offenses of receiving stolen property. Therefore, under the facts of this case, second-degree receiving stolen property was a lesser-in-eluded charge of first-degree receiving stolen property, the charge for which Evans was indicted. Thus, his claim that the trial court was without jurisdiction to accept his guilty plea to second-degree receiving stolen property is without merit.
Additionally, assuming, without deciding, that the circuit court improperly denied Evans the opportunity to appeal the denial of his first petition, any error would have been harmless. We have addressed above the issue he raised in his first petition, because it was the same issue raised in this, his second, petition, and we have found it to be without merit. Evans has received appellate review of his claim and has not, therefore, suffered any prejudice. Rule 45, Ala. R.App. P.
For the reasons stated above, the judgment of the circuit court is affirmed.
AFFIRMED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.