The petitioner, Charles Phillips, filed this petition for a writ of mandamus requesting that we grant him an out-of-time appeal from the denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P.
In December 1982, Phillips was convicted of murder and attempted murder. He was sentenced under the Habitual Felony Offender Act ("the HFOA") to life imprisonment without the possibility of parole. His conviction and sentence were affirmed on direct appeal. See Phillips v. State, 462 So.2d 981
(Ala.Crim.App. 1984). In January 2003, Phillips filed a Rule 32 petition in the Jefferson Circuit Court attacking the trial court's use of the HFOA to enhance his sentence. In February 2003, Judge Michael W. McCormick denied Phillips's Rule 32 petition. Phillips contacted the clerk of the Jefferson Circuit Clerk Court in July 2003 to determine the status of his Rule 32 petition. In August 2003, *Page 325 
Phillips was informed that his Rule 32 petition had been denied in February 2003. In August 2003, Phillips filed a second Rule 32 petition requesting an out-of-time appeal from the denial of his January 2003 petition. That petition was denied and Phillips appealed. This Court dismissed the appeal because the notice of appeal was filed more than 42 days from the date that the petition had been denied. See Rule 4, Ala.R.App.P. In December 2003, Phillips filed this petition for a writ of mandamus requesting an out-of-time appeal from the denial of his January 2003 Rule 32 petition.
Phillips argues that he is entitled to an out-of-time appeal because the circuit clerk failed to notify him when Judge McCormick denied his Rule 32 petition. The State has responded that we should deny this petition even though there is no evidence indicating that Phillips was informed when his petition was denied. It asserts that according to Cogman v. State,852 So.2d 191 (Ala.Crim.App. 2002), an out-of-time appeal is unnecessary because the January 2003 Rule 32 petition was filed after the expiration of the limitations period of Rule 32.2(c), and it failed to raise a jurisdictional claim. See Rule 32.2(c), Ala.R.Crim.P.
In Cogman, this Court stated:
 "Cogman's first Rule 32 petition raised claims of ineffective assistance of counsel. An ineffective-assistance-of-counsel claim is not jurisdictional; therefore, it is subject to the two-year limitations period in Rule 32.2(c). See Knight v. State, 727 So.2d 900, 901 (Ala.Crim.App. 1999). By Cogman's own admission, he did not file his first Rule 32 petition until December 11, 1998, one day after the two-year limitations period had expired. Because only nonjurisdictional claims for relief were contained in Cogman's first Rule 32 petition, which was filed more than two years after the certificate of judgment in his case was issued, those issues were precluded by Rule 32.2(c), Ala.R.Crim.P. Thus, the circuit court should have dismissed the petition as procedurally barred by Rule 32.2(c), Ala.R.Crim.P. Given these circumstances, there is no need to grant Cogman an out-of-time appeal from the denial of his first Rule 32 petition and the claims raised therein."
852 So.2d at 192-93 (footnote omitted).
Phillips states in his mandamus petition that he alleged in his Rule 32 petition that the HFOA was illegally applied to enhance his sentence because his prior convictions were not properly certified or authenticated. This assertion does not raise a jurisdictional claim. As this Court stated in Franks v. State,819 So.2d 106, 107 (Ala.Crim.App. 2001):
 "Franks asserts that he was incorrectly sentenced as a habitual felony offender because the State did not provide properly certified copies of his prior convictions. However, the failure to object in the trial court to the State's method of proving prior convictions precludes further consideration of that issue on direct appeal. Nichols v. State, 629 So.2d 51, 57-58 (Ala.Crim.App. 1993). Because this issue is waivable on appeal, it does not involve depriving the trial court of its jurisdiction; thus, this issue is not jurisdictional. Nichols, 629 So.2d at 57 (a procedural requirement can be waived by defendant's failure to object; a jurisdictional matter is not subject to waiver)."
Phillips's Rule 32 petition was filed approximately 20 years after the limitations period had expired, and it did not *Page 326 
raise a jurisdictional claim.[1] Therefore, the circuit court had no jurisdiction to entertain the petition. The limitations period established in Rule 32.2(c), Ala.R.Crim.P., is mandatory and jurisdictional; failure to file a Rule 32 petition within the period deprives a court of the jurisdiction to review a Rule 32 petition. See Williams v. State, 783 So.2d 135
(Ala.Crim.App. 2000).
Moreover, the very claim raised in Phillips's January 2003 Rule 32 petition was addressed in-depth by this Court on direct appeal. See Phillips, 462 So.2d at 985. Thus, this claim would be procedurally barred in a Rule 32 petition proceeding because it was raised and addressed on direct appeal. See Rule 32.2(a)(4), Ala.R.Crim.P.
It is unnecessary to grant Phillips an out-of-time appeal from the denial of a Rule 32 petition that was barred by the limitations period and that raised an issue that was precluded. See Cogman, supra. To do so would be futile and would waste judicial resources.
For the forgoing reasons, this petition is due to be, and is hereby, denied.
PETITION DENIED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] As best we can determine from a review of our records before this Court computerized its docketing system, the certificate of judgment for Phillips's direct appeal was issued sometime in 1984.